JOHN SWILLEY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion filed August 3, 1918.

## CRIMINAL LAW — INSOLVENCY — APPLICATION FOR ADJUDICATION OF.

Where a writ of error is issued to review a judgment of conviction in a criminal case and the defendant makes the oath of insolvency in compliance with the Statute in such cases, and thereon applies to the Trial Judge for an order adjudging him to be insolvent and unable to pay the costs of his trial or of his writ of error, in order to supersede the execution, pending said writ of error, of his sentence to the penitentiary, and the Trial Judge withholds his order of adjudication of insolvency expressedly by reason of, and solely by reason of, the answer of the defendant to a query by the Judge, to the effect that "he thought he could get a friend to pay the costs for him," the Trial Judge erred in withholding his order of adjudication of the defendant's insolvency, solely by reason of the quoted answer of the defendant. The question in such inquiries is not whether the prisoners supposed friends have the ability or readiness or willingness to pay said costs, but has the defendant himself personally the financial or property ability to pay them or secure their payment, or is he individually insolvent.

Prisoner remanded to the Sheriff.

*I. J. McCall,* for motion.

TAYLOR, J.—This cause comes on for hearing on the plaintiff in error's motion for an order remanding him to the custody of the Sheriff of Hamilton County from the custody of the officials of the penitentiary pending his writ of error from this court to review a judgment of conviction for larceny in the Circuit Court of Hamilton County. It appears that in his application to the Circuit Judge for an order adjudging him to be insolvent for the purpose of relieving himself of the payment of the costs of his trial and of his writ of error from this court, the plaintiff in error after showing that he was utterly insolvent and unable to pay the costs of the trial or of the appellate proceedings either in whole or in part, and that he had no property or means of any sort, and that he had not divested himself of any property for the purpose of obtaining the benefit of his oath of insolvency, on being questioned by the judge made answer: "that he thought he could get a friend to pay the costs for him," whereupon the Circuit Judge solely on said quoted answer by the plaintiff in error adjudged him to be not insolvent and refused to supersede the sentence, and the plaintiff in error was thereupon turned over to the penitentiary officials.

The Circuit Judge erred in withholding his order adjudging the plaintiff in error to be insolvent solely on the quoted answer of the plaintiff in error to the effect "that he thought he could get a friend to pay said costs for him." The question in such inquiries is not what the prisoner's supposed friends have the ability to do in paying said costs, or their readiness or willingness to pay

them, but has the defendant himself personally the finan-
cial or property ability to pay them or secure their pay-
ment.   It is, therefore, ordered, that the plaintiff in error
be remanded to the custody of the Sheriff of Hamilton
County from the custody of the officials of the peniten-
tiary pending said writ of error, and that the Circuit
Judge make the order of insolvency applied for.

BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J.,
concur.