JOHN WALTON RAST, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed March 8, 1919.

WHEN PARTY CONVICTED OF CRIME SHOWS HIS UTTER INABILITY TO SELL OR RAISE MONEY ON MORTGAGE OF SOME REAL PROPERTY THAT HE OWNS WITH WHICH TO PAY THE COSTS OF THE PROSECUTION AND A WRIT OF ERROR, THE COURT SHOULD ORDER THE COSTS PAID BY THE COUNTY.

Where a party convicted of embezzlement of upwards of $100,000, and sentenced therefor to the penitentiary, sues out a writ of error from this court, and makes application to the trial court under the Statute for an order adjudging that he was unable to pay the costs of the proceedings against him and of the Appellate proceedings to review such judgment, and to require said costs to be paid by the county, and where the uncontradicted evidence adduced upon such application and preserved in a bill of exceptions, shows that the applicant owns only some real estate, consisting of his homestead and some vacant lots in the City of Jacksonville, and on the

15—Vol. 77.

beach near the City of St. Augustine of a total normal value of between fifteen and eighteen thousand dollars. That he has made diligent and serious effort to realize money from this property by loan or mortgage, or by sale thereof, but is wholly unable to do so. Several well known and reputable real estate brokers testifying that they were acquainted with the property, and that application had been made to them to purchase same or loan money thereon, but that they, under the circumstances surrounding the owner thereof, suits being pending against him on behalf of the State to recover the large sums of his alleged defalcations, would not touch the proposition for either a loan thereon or purchase thereof, and could not advise their clients to invest therein. Under this uncontroverted evidence the court below should have granted the application of the plaintiff in error, and erred in refusing it.

A Writ of Error to the Criminal Court of Record for Duval County; J. M. Peeler, Judge.

Order reversed.

*Wm. A. Hallowes, Jr.,* and *James H. Bunch,* for Petitioner.

TAYLOR, J.—This case comes on for consideration upon a motion for an order remanding the plaintiff in error from the custody of the officials of the State penitentiary to that of the Sheriff of Duval County. The applicant was convicted and sentenced in the Criminal Court of Record of Duval County of the embezzlement in his office of Tax Collector of upwards of $100,000, and upon being sentenced sued out a writ of error from this court, and made application to the court below under the statute for an order adjudging that he was unable to pay the costs of the proceedings against him and of the appellate

proceedings for review in this court of the said judgment of conviction, and to require said costs to be paid by the county, but the court below denied this application and he was, consequently, turned over to the keepers of the penitentiary in execution of the sentence. Bill of exceptions was preserved showing the evidence produced before the court below on said application for the order of adjudication of the applicant's inability to pay or secure the payment of said costs. From this evidence that is not controverted it appears that the plaintiff in error owns real estate, consisting of his homestead and some vacant lots in Jacksonville and on the beach near St. Augustine of a total normal value of between fifteen and eighteen thousand dollars. That he has made diligent and serious effort to realize money from this property by loan and mortgage or sale thereof, but is wholly unable to do so. Several, well-known and reputable real estate brokers testifying that they were acquainted with the property, and that application had been made to them to purchase same or loan money thereon, but that they, under the circumstances surrounding the plaintiff in error, suits being pending against him on behalf of the State to recover the large sum of his alleged defalcations, would not touch the propositions for either a loan thereon or purchase thereof, and could not advise their clients to invest therein.

None of this evidence was contradicted in any way, and one of the State's counsel expressed his view at the hearing before the court below as being that the application should be granted. Under these circumstances we are of the opinion that the court below erred in his denial of the application of the plaintiff in error, and his said order is hereby reversed with directions that an order be

entered in its stead requiring the county to pay the costs in said cause including the costs of the appellate proceedings in said cause, and that the plaintiff in error be remanded to the custody of the Sheriff of Duval County by the officers of the State prison and that he be permitted to give bail, if he can, to secure his personal appearance to abide the result of his writ of error proceedings in this court.    Swilley v. State,. 76 Fla. 173, 79 South. Rep. 715.

BROWNE, C. J., AND WHITEFIELD, ELLIS AND WEST, J. J., concur.