**STATE ex rel. R. C. CHENEY v. HONORABLE R. H. ROWE, Judge of the Circuit Court of the Third Judicial Circuit of Florida in and for Suwannee County, Florida.**

11 So. (2nd) 585                                    January Term, 1943
January 26, 1943                                         Division A

C. A. Avriett, for relator.

Wm. Randall Slaughter, for respondent.

CHAPMAN, J.:

This is a case of original jurisdiction in mandamus. It is made to appear that the petitioner, R. O. Cheney, on June 17, 1942, was convicted in the Circuit Court of Suwannee County, Florida, of the crime of larceny of cattle and for said offense sentenced by the trial court to serve a stated period at hard labor in the Florida State Prison. On September 15, 1942, within the ninety day period provided for by Section 924.09, Florida Statutes 1941, petitioner Cheney entered his appeal from the sentence and judgment of conviction entered in the Circuit Court of Suwannee County, Florida, to the Supreme Court of the State of Florida.

On September 29, 1942, petitioner, by appropriate motion and affidavit, represented to the Honorable R. H. Rowe, a judge of the Circuit Court of Suwannee County, Florida, that he (Cheney) was utterly unable to pay in whole or in part the costs legally incurred incidental to the criminal cause in which he was convicted and in which a sentence and judgment to the State Prison now appears of record against him. He made oath and offered to establish by creditable and satis-

factory testimony to the lower court, in conformity with Section 924.17, Florida Statutes 1941, that he had no property or means of payment of the costs in his possession or control, nor had he divested himself of his property for the purpose of receiving benefit from his oath; that he was unable to enter into bond required to secure the payment of the judgment, fine and costs, but was able to make a bond conditioned that he would be personally forthcoming to answer, and abide by the final order, sentence or judgment in the premises. On this record it is reasonable to assume that the motion and affidavit presented to the trial court in support of his application for an insolvency order conformed to the several provisions of Section 924.17, *supra*.

The alternative writ commands the Honorable R. H. Rowe, circuit judge, to exercise the jurisdiction conferred upon him by law, and when exercising the jurisdiction so conferred he well hear all the evidence offered by the petitioner and the State of Florida under the provisions of Section 924.17, *supra,* on the question of the solvency or insolvency of the petitioner, and after hearing all of the evidence submitted, will make findings of fact, and then make and enter an order adjudging the petitioner either solvent or insolvent, and if the order is one of insolvency, then the costs of the criminal appeal shall be paid by the County of Suwannee and the respondent shall by an appropriate order so conclude.

The respondent filed a demurrer to the alternative writ and grounds thereof are viz: (1) the facts set forth in the alternative writ are legally insufficient to support a peremptory writ; (2) the respondent had no legal authority on September 29, 1942, to adjudicate the petitioner's insolvency; (3) that the respondent lost jurisdiction to hear and enter the order of insolvency as, that power was transferred to the Supreme Court of Florida when the appeal was taken; (4) that the power to enter the insolvency order was limited to the time prescribed by statute when the court was in session in Suwannee County, Florida.

Section 924.17 *supra,* is a re-enactment of Section 8468 C.G.L. The sufficiency of the evidence offered to obtain an order of adjudication of insolvency under the provisions of

this Statute was before this Court in Swilley v. State, 76 Fla. 173, 79 So. 715; Rast v. State, 77 Fla. 225, 81 So. 523; Rolle v. State, 115 Fla. 64, 154 So. 892. Section 924.01, Florida Statutes 1941, provides that the only method of reviewing the proceedings in a prosecution by indictment or information shall be by appeal. Section 924.02 *supra,* provides that appeals may be taken by the State of Florida or by any defendant. Section 924.05 provides that all *appeals* provided for by Chapter 19554, Acts of 1939 (commonly known as the Criminal Code), may be taken as a matter of right.

Section 5 of Article V of the Florida Constitution provides that the Supreme Court of Florida shall have appellate jurisdiction in all cases at law and equity ·originating in the circuit court . . . and in all criminal cases originating in the circuit courts. Section 11 of the Declaration of Rights says that in all criminal prosecution the accused shall have the right to a speedy and public trial. . . in the county where the crime was committed, and shall be heard by himself or counsel, or both, to demand the nature and cause of accusation against him, to meet witnesses against him face to face and have compulsory process for the attendance of witnesses in his favor. Thus it is observed that the petitioner has a right to appeal and be heard by the Supreme Court of Florida vouchsafed to him both by our Constitution and a statute. The construction placed on Section 924.17 *supra,* should not be such as to complicate or possibly impair these recognized or established rights, but should be liberally construed so as to accomplish the intention of the lawmakers. See 4 C.J.S. p. 983, par. 523.

The legal sufficiency of the application made under the provisions of Section 924.17, Florida Statutes 1941, or the testimony in support thereof, nor the merits of the claim of insolvency were considered by the respondent. He contended, and so held, that he was without jurisdiction to hear, consider, or make an order of insolvency contemplated by Section 939.15, Florida Statutes 1941; and that the appeal transferred jurisdiction to hear and consider the merits of the application to the Supreme Court of Florida. While the appeal was taken by petitioner within the ninety day period

after entry of sentence and judgment, as provided for by Section 924.09, Fla. Stats. 1941, nevertheless the term authorized by statute for holding court in Suwannee County likewise had expired.

Courts of other jurisdictions when interpreting or construing Acts, similar to the one here presented, outlining the procedure to be observed in obtaining an order of insolvency of an indigent and directing the payment of costs by a political unit, so as to obtain a review by an appellate court of such criminal judgments, hold generally that such proceedings prescribed by statute necessary to obtain such adjudication and directing the payment of costs by the State or County, broadly speaking, does not involve the jurisdiction of appeal, but merely is incidental and limited to the power to enter an order and direct the payment of costs so that the appeal may be perfected and the judgment reviewed, and errors corrected, if any, by an apellate court. Ordinarily, a broad and liberal interpretation of such statutes is given by the courts. See 4 C.J.S. Sec. 523-25, pp. 983-86; 3 C.J. Sec. 1167-71, pp. 1124-26; 17 C.J. Sec. 3375, pp. 103-4; State v. Hudson, 55 R. I. 141, 179 Atl. 130, 100 A.L.R. 313, and annotations pp. 321-23; State ex rel. Marr v. Superior Court, 163 Wash. 459, 1 Pac. (2nd) 331; State ex rel. Mahoney v. Ronald, 117 Wash. 641, 202 Pac. 241; Smith v. State, 117 Ga. 16, 43 S.E. 440; State v. Tonn, 190 Ia. 381; 180 N.W. 164; State v. Goodsell, 136 Ia. 445, 113 N.W. 826.

The Supreme Court, under Section 5 of Article V of the Constitution of Florida, is limited, in the case at bar, to an appellate jurisdiction, while the Circuit Court of Suwannee County had original jurisdiction. The petitioner has a constitutional and statutory right of appeal to the Supreme Court of Florida from the sentence and judgment entered against him by the Circuit Court of Suwannee County. Section 939.15, Fla. Stats. 1941, contemplates an adjudication of insolvency of persons against whom criminal cases are pending, either in the circuit court or criminal court of record, and the order of insolvency must be entered by the circuit judge or the judge of the criminal court of record. The power by the Legislature to make insolvency orders was solely con-

ferred on the circuit judges and the judges of the criminal courts of record. See Sections 924.23 and 924.24, Fla. Stats. 1941.

If a broad and liberal construction is given by this Court to Section 924.17, *supra,* like courts of other jurisdictions have given similar statutes, and its several provisions considered with Sec. 5 of Article V of the Florida Constitution and Sections 924.23, 924.24 and 939.15 (being Sections of the Criminal Code—Chapter 19554, Acts of 1939, Laws of Florida), the conclusion is inescapable that the jurisdiction to hear, consider and adjudicate the solvency or insolvency of the petitioner was only in the circuit court, and this jurisdiction was and now is co-extensive with petitioner's constitutional and statutory rights of appeal.

The demurrer of the respondent is hereby overruled and five days allowed respondent in which to file an answer or return to the alternative writ of mandamus and if not filed within the five days, then a peremptory writ of mandamus as prayed will issue herein.

It is so ordered.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.