The County Solicitor of Polk County, Florida, filed in the Criminal Court of Record against the appellant Baker twelve separate informations charging him with the abominable offense of the crime against nature. He was placed upon trial before three separate juries and convicted on three of the twelve informations. He has not been placed on trial on the remaining nine informations. The trial court adjudged him guilty of the offense and sentenced him to serve a period of twenty years in the State Prison at hard labor. On the other two convictions he was sentenced for a period of twenty years but these two judgments were by the trial court ordered to run concurrently with the first sentence.
A motion for a new trial on various grounds was presented to the court by appellant's counsel in each of the judgments entered against him but each was denied and a supersedeas bond fixed in the sum of $1,000.00 on one of the three judgments entered below. *Page 769 
Pursuant to the provisions of Section 924.17, F.S.A., the appellant Baker filed in the court below an affidavit of insolvency in each of the three cases in which judgments of conviction were entered and is in form and substance viz.: "Before me the undersigned authority personally appeared Hubert D. Baker, alias `Shorty' Baker, defendant in the above and foregoing cause, who being by me first duly sworn deposes and says that he is totally insolvent and utterly unable to pay the costs in this cause either in whole or in part, and that he has not divested himself of any real property either real or personal in order to take advantage of this his oath. That the only property that this defendant possessed has already heretofore been deeded by him to his counsel, H.E. Oxford and Martin and Martin, attorneys at Law, Plant City, Florida. That he sold some property prior to this for the sum of $6,000.00. That he had to spend upwards of $2,000.00 on surety bonds. That he has paid to his counsel the difference in cash with the exception of what it took for him to live on pending the trial of the above cause and other causes for which he has been tried for in this court. That he, at this time, is wholly without funds and unless this court make and enter an order adjudging him, this defendant, insolvent, that he would be deprived of his right of appeal in said cause under the law in such cases made and provided. That this affiant offers himself up to the court for the purpose of further examination into his insolvency."
The appellant Baker was interrogated in open court by his counsel in support of the insolvency affidavit. It is not disputed that he owned real estate situated in Polk County valued at from $6,000.00 to $7,500.00 about the time the twelve informations were filed against him each charging a felony. It is not disputed that he sold the real estate and used the proceeds thereof, in part, in defending himself against the criminal prosecutions. In the order of the trial court holding the appellant solvent and able to pay the costs of the three prosecutions and convictions entered against him prior to appeal, the first recitation was viz.: (1) "The defendant. Hubert D. Baker, appears to be without funds at this time." (2) Prior to his arrest he owned valuable real estate; (3) he hired seven lawyers to defend him; (4) he paid money to his attorneys and bond premiums but the remainder was not accounted for.
The order further recites: "The court is forced to the conclusion that it was not the purpose of the insolvency statute to enable a defendant who is in comfortable financial circumstances as was this defendant, to employ attorneys without any respect to their number and spend all of his money in this connection, reserving none of his funds with which to pay the necessary costs incident to an appeal should one be necessary. If this is the interpretation to be placed on the statute, the door is opened wide for every defendant, without regard to his financial status, to use all of his funds employing attorneys and then place on the County the burden of all costs as an incident thereof. It specifically appears to the Court in this particular matter, the defendant had adequate funds with which to employ competent counsel to properly represent him and likewise to pay the expenses of any appeal. The Court therefore finds and the defendant is adjudged not to be insolvent within the purview of Section 924.17, Florida Statutes Annotated".
The question here is whether or not the evidence offered below was sufficient to bring the appellant within the provisions of Section 924.17, F.S.A. The trial court held that the evidence was insufficient and the appellant was solvent. On direct examination the appellant, on the question of his insolvency, testified viz.:
"* * * I will ask you now, do you own any property in your own name any place, anywhere? A. No sir. If I do I don't know about it.
"Q. If you do, you don't know about it? A. I certainly don't know about it.
"Q. Is it a fact that you did dispose of your property and employed counsel to represent you in the various cases? A. That's right.
"Q. And as far as you know, you have deeded all of your property, both real and personal, to your attorneys? A. Yes sir. *Page 770 
"Q. Oxford Oxford, Martin Martin? A. Yes sir.
"Q. Do you know at the present time of any money — any funds with which to pay the Court costs in this case? A. No sir, I don't. And if pennies would do it, I don't. I got a couple of dollars but I ain't got that with me.
"Q. And that is all the property that you have — that you possess? A. Yes sir."
On a lengthy cross-examination conducted by counsel for the prosecution, the picture made by appellant's direct testimony was not materially changed on the question of his solvency.
It appears by the cross-examination that some of the appellant's relatives were financially able to pay the costs, but this contention was placed at rest by our holding in Swilley v. State, 76 Fla. 173, 79 So. 715, when the late Mr. Justice Taylor said: "The question in such inquiries is not what the prisoner's supposed friends have the ability to do in paying said costs, or their readiness or willingness to pay them, but has the defendant himself personally the financial or property ability to pay them or secure their payment."
A similar question was presented in Rast v. State, 77 Fla. 225, 81 So. 523. Rast was Tax Collector of Duval County and was convicted of embezzling upward of $100,000.00 of the funds of Duval County. He applied to the trial court for an order of insolvency so that the conviction could be reviewed in this Court on appeal. The evidence disclosed that Rast owned real estate situated in Duval County valued at between $15,000.00 and $18,000.00. The trial court held that Rast was solvent and was financially able to pay the costs of his prosecution prior to appeal. The order denying insolvency on appeal here was reversed. In the case of Rolle v. State, 115 Fla. 64, 154 So. 892, counsel of record stipulated that Rolle did not own any real or personal property nor had any means of income to pay the costs of the prosecution. This court held that Rolle was insolvent.
It is our conclusion, in light of the cited authorities, that the order or orders entered below denying an adjudication of insolvency of appellant were erroneous, and accordingly each of said orders is reversed with directions to enter orders of insolvency and that all the costs of appeal in each of the three suits to the Supreme Court of Florida be paid by the County of Polk.
Reversed with directions.
ADAMS, C.J., concurs.
SEBRING and HOBSON, JJ., concur specially.