74 So.2d 650 (1954)
Alton LOY, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Special Division B.
September 14, 1954.
Paul Lake, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., Bart L. Cohen, Asst. Atty. Gen., and James B. Taylor Sp. Asst. Atty. Gen., for appellee.
PATTERSON, Associate Justice.
Appellant was convicted of grand larceny in the Criminal Court of Record of Hillsborough County. For the purpose of having the county pay the costs of his appeal to this Court under the provisions of F.S. § 939.15, F.S.A., appellant filed an oath complying in detail with the requirements of F.S. § 924.17, F.S.A., and testified as to his insolvency before the trial judge as provided in that statute. The trial judge entered his order denying insolvency as follows:
"The defendant, Alton Loy, having filed in this Court his Affidavit of Insolvency, and upon examination by Paul B. Johnson, Esquire, County Solicitor of Hillsborough County, Florida, testified as follows, to wit:
"1. That he and his wife are owners of an estate by the entireties, used as a home, of a value of approximately Nineteen Hundred ($1900.00) Dollars, upon which there is now a mortgage in the amount of Six Hundred ($600.00) Dollars, payments on the mortgage being at the rate of Twenty-five ($25.00) Dollars per month.
"2. That he owns a 1941 Dodge automobile of a value of approximately Twenty-five ($25.00) Dollars.
"3. That he has no other property of any kind or nature and no bonds or other securities and no money in his possession or under his control with which to pay the costs of an appeal to the Supreme Court of Florida.
"4. That he is employed during the Citrus Packing Season and earns approximately Twenty-five ($25.00) Dollars per week.
*651 "5. That his wife is employed during the Citrus Fruit Packing Season and earns approximately Twenty-five ($25.00) Dollars per week.
"6. That he owes the Seaboard Finance Company for a small loan, for which loan his furniture is security, and that the payments on such small loan are approximately Twenty-two ($22.00) Dollars per month.
"7. That at home he has dependent upon him for support three minor children, aged seventeen, ten, and seven.
"8. That he is utterly unable to pay the costs accrued in this cause, and the costs of procuring a Transcript of Record, and any future costs that may accrue in this cause.
"9. That he has no property or other means of payment, either in his possession or under his control, and has not divested himself of any property for the purpose of receiving the benefit of the Affidavit of Insolvency.
"10. That he was unable to pay his Attorney of Record, Paul Lake, for defending him in this cause, and that the Attorney's fees were paid by his son-in-law.
"Wherefore, in the light of the testimony above, the Court finds: that the defendant, Alton Loy, is not insolvent within the meaning of Section 924.17 Florida Statutes Annotated of the Laws of the State of Florida."
Appellant has appealed from that order, and the question presented is whether the facts recited in the order appealed from entitle appellant to an adjudication of insolvency under the provisions of F.S. § 924.17, F.S.A. That statute provides the conditions under which an order of insolvency may be entered as follows: "In case the appellant shall be utterly unable to pay the costs of the cause, whether it be capital or not, either in whole or in part, and shall himself make oath before the court or the clerk thereof, and shall also by credible testimony establish satisfactorily to the court that he has no property or other means of payment either in his possession or under his control and has not divested himself of his property for the purpose of receiving benefit from this oath, * * *."
This statute, together with Sec. 939.15, intends that no man charged with a crime shall be denied the protection of the full and complete processes of the law by reason of his inability to pay the expenses involved. The idea that those unable to pay their way are thereby deprived of a hearing in this court so offends our sense of justice that we must take care that we do not reach such a result in close cases by an overly strict requirement of proof under the statute. The former holdings of this court, cited and discussed in Baker v. State, Fla., 42 So.2d 768, reflect this view. We think the most reasonable conclusion to be reached from the facts in this case is that appellant, though not absolutely penniless, is nevertheless unable to pay the costs of bringing the record of his conviction here for review, and that the denial of his application for an insolvency adjudication precludes his appeal to this Court contrary to the purpose of the statute. The State's understandable concern for potential abuse of this statute must not prompt us to deny its benefits in what we consider a proper case.
Accordingly, the order below denying an adjudication of insolvency of appellant is erroneous and is reversed with directions to enter an order of insolvency and that all the costs of appeal to this Court be paid by the County of Hillsborough.
Reversed with directions.
ROBERTS, C.J., and SEBRING and HOBSON, JJ., concur.