SEBRING, Justice.
This is a certiorari proceeding to review an order denying an adjudication of insolvency.
Mario Rastralli, a minor, was convicted of the offense of breaking and entering with intent to commit a misdemeanor. Thereafter, he sought the benefits of the insolvency statute, section 924.17, Florida Statutes 1951, F.S.A., for the purpose of taking an appeal. The trial judge entered an order in which he specifically found that the defendant was insolvent, but that defendant's plea to be adjudicated an insolvent should be denied because it had not been shown “that the defendant’s father * * * is insolvent, or unable to pay the costs of the cause.”
It appears to us that the trial court proceeded without regard to the essential requirements of the law when he denied the application for insolvency filed by the defendant below. The trial court found from the affidavit and evidence that the defendant was insolvent, and yet denied his application because he had not shown that his father was unable to pay the costs of appeal. Such a finding must necessarily have been predicated on the conclusion that the payment of costs in a criminal case for the purposes of an appeal from a judgment of conviction is a “necessary,” within the meaning of the law, for which the parent of an infant is liable in the same fashion that the parent is liable for food, clothing, shelter and other obvious necessaries. We find no law to support such a conclusion.
As is made clear by our decisions, the test on an inquiry of insolvency is not what the prisoner’s friends or relatives have the ability to do in paying costs, or their readiness or willingness to pay them. The test is whether the defendant, himself, has the ability to pay the costs or to secure their payment. Swilley v. State, 76 Fla. 173, 79 So. 715; Baker v. State, Fla., 42 So.2d 768; Loy v. State, Fla., 74 So.2d 650.
The order herein should be quashed with directions that an order be entered finding the defendant to be insolvent, within the meaning of section 924.17, Florida Statutes 1951, F.S.A., and for further proceedings in conformance with law.
It is so ordered.
ROBERTS, C. J., and MATHEWS and DREW, JJ., concur.