DREW, Chief Justice.
This is an appeal from an order of the Judge of the Criminal Court of Record of Hillsborough County finding the appellant not to be insolvent within the meaning of Section 924.17, F.S.A.
The following is the order appealed from:
“Order Denying Insolvency
“The defendant, Lorenzo Anderson, having filed in this Court his Affidavit of Insolvency, and upon examination by the Court testified as follows:
“1. That he and his wife are living together with seven minor children, ages from two tó twelve years, and that he is the sole and. only support of his said wife and seven minor children.
“2. That he owns a 1942 Chevrolet of the • value of about Sixty ($60.00) Dollars, which said Chevrolet he uses .to go to and from his odd jobs.
“3. That he has a 33%% service-connected disability rating for services in the Armed Forces of the United States, and receives Forty-seven ($47.-00) Dollars per month as a permanent pension for injuries received’ from machine gun-shot wounds.'
“4. That his wife is not employed.
“5. That it is necessary for the defendant to take odd jobs of light work because of his physical disability.
“6. That the. defendant cannot’ hold' a regular job.
“7. That he has no other money or property in his'possession or under his control with which he can pay the Court costs in this cause,
and it further appearing to the Court that the Court costs to date for taking the appeal and Sheriff’s costs in this cause amount to approximately Fifty-five ($55.00) Dollars, and that the costs of preparing the Transcript in this cause will amount to approximately One Hundred Fifty ($150.00) Dollars, the Court finds:
“1. That the said defendant has a permanent pension in the amount of Forty-seven ($47.00) , Dollars pep month, and that he is not insolvent *124 within the meaning of Section 924.17, Florida Statutes Annotated of the Laws of the State of Florida.
“Whereupon, in the light of the testimony above' and the finding of the Court, it is hereby
“Ordered, Adjudged and decreed that the defendant, Lorenzo Anderson, be and he is hereby declared not to be insolvent within the meaning of Section 924.17, Florida Statutes Annotated of the Laws of the State of Florida.”
In Loy v. State, Fla. 1954, 74 So.2d 650, 651, which was an appeal from a similar order by the same Judge who denied the application now under scrutiny here, speaking through Associate Justice Patterson this Court said:
“This .statute, together with Sec. 939.15, intends that no man charged with a crime shall be denied the protection of the full and complete processes of the law by reason of his inability to pay the expenses involved. The idea that those unable to pay their way are thereby deprived of a hearing in this court so offends our ’sense of justice that we must take care that we do not reach such a result in close cases by an overly strict requirement of proof under the statute. The former holdings of this court, cited and discussed in Baker v. State, Fla., 42 So.2d 768, reflect this view. We think the most reasonable conclusion to be reached from the facts in this case is that appellant, though not absolutely penniless, is nevertheless unable to pay the costs of bringing the record of his conviction here for review, and that the denial 'of his application for an insolvency adjudication precludes his appeal to this Court contrary to the purpose of the statute.”
The order appealed from is erroneous on its face and is ■ hereby reversed with directions to enter an order finding appellant to be insolvent within the meaning of Section 924.17, F.S.A,
Reversed.
TERRELL, HOBSON and THORNAL, JJ., concur.