STURGIS, Chief Judge.
Appellant, defendant below, applied to the trial court to be adjudged insolvent pursuant to Section 924.17, Florida Statutes, F.S.A., and thus have the costs of his appeal from a criminal conviction borne by Marion County. This appeal challenges the findings and order of the trial court denying the application.
The evidence consists of appellant’s affidavit in forma pauperis and his oral testimony, upon which the trial court found (1) that appellant has an income of about $165 a month derived from his business, (2) that he has a substantial equity in his modern livable home that is furnished with all modern conveniences, (3) that the monthly income of his wife is $130, (4) that the combined family income is approximately $300 per month, and (5) that the family income e‘is a matter for consideration
Appellant insists the evidence does not support the finding that he has an income of approximately $165 per month from his business. Assuming, however, the accuracy of that and the other mentioned findings of fact,[1] the uncontradicted testimony also shows that appellant’s family consists of his wife and four minor children of school age; that his family home has an assessed value of $2,500 and is subject to a $1,900 mortgage; that his household furnishings are pledged to secure an unspecified loan; and that he has no assets other than the equity in his home and its furnishings. We must assume for the purposes of this appeal, however incongruous it may seem, that appellant derived no income from the lottery activity, if any, that he might have engaged upon, for it is to test his conviction in that behalf that he seeks the means to perfect the appeal that the statute is designed to afford.
The clear implication of the trial court’s order is that the total income of appellant’s family was employed as the basis on which to resolve the question of his rights under the statute. The facts are such that had the wife’s $130 monthly income not been taken into account the insolvency application would undoubtedly have been granted.
The test on an inquiry of insolvency under F.S. § 924.17 F.S.A. is whether the applicant, himself, has the ability to pay or secure the payment of the costs necessary to perfect his appeal from a conviction for crime; and the ability, readiness, or willingness of his friends or relatives to pay them has no bearing on the issue. See Rastralli v. State, Fla., 76 So.2d 270; Loy v. State, Fla., 74 So.2d 650; Baker v. State, Fla., 42 So.2d 768; Rast v. State, 77 Fla. 225, 81 So. 523; Swilley v. State, 76 Fla. 173, 79 So. 715.
 TJie statute is to be liberally construed so as to accomplish the legislative intent and not to complicate or impair the constitutional and statutory right of appeal. State ex rel. Cheney v. Rowe, 152 Fla. 316, 11 So.2d 585. This construction does not admit of the proposition that the head of a family is required to subject the horne- *624 stead or the reasonable furnishings of the family home to sale or pledge to provide the costs of appeal from a conviction of this nature.
The order in question is set aside and this cause is remanded with directions to enter an order on the insolvency application consistent with this opinion.
WIGGINTON, J., and DAYTON, ORVIL L., Jr., Associate Judge, concur.

. The trial court’s findings of fact are not to be confused with the conclusion of law whereby it treated the total “family income” as pertinent to the issue of insolvency.