120 So.2d 27 (1960)
Kenneth G. BRIZZIE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1347.
District Court of Appeal of Florida. Second District.
April 6, 1960.
Rehearing Denied May 11, 1960.
*29 Ray Sandstrom, Sandstrom & Quick, Fort Lauderdale, for appellant.
Richard W. Ervin, Atty. Gen., Irving B. Levenson, Asst. Atty. Gen., for appellee.
STEPHENSON, GUNTER, Associate Judge.
Appellant was respondent in the trial court on an order to show cause why he should not be held in contempt for refusing to answer certain questions propounded to him by the County Solicitor of the Criminal Court of Record of Broward County. The questions which appellant refused to answer related to the charge of receiving stolen property. His refusal to answer said questions resulted in the trial court finding him guilty of contempt and sentencing the appellant to serve six months in the County Jail. He appeals from the judgment and sentence.
The trial judge held that the offense of receiving stolen property is a crime included under the larceny statutes and thus within the purview of Section 932.29, Florida Statutes, F.S.A., the immunity statute. We do not agree and reverse.
The appellant was summoned to appear before the County Solicitor of Broward County to testify in a certain unidentified matter. He appeared at the proper time and place and was told that the investigation concerned an alleged violation of the burglary and larceny statutes. The county solicitor then read to the appellant Section 932.29, Florida Statutes, F.S.A., and he was sworn.
Preliminary questions by the county solicitor revealed that the appellant, an employee of Donald Baines, was being interrogated about the case of State v. Donald Baines who was charged with possession of stolen property.
The questions which followed concerned certain jewelry which the witness allegedly had thrown in a lake, who told him to do so, did he know it was stolen, did Donald Baines direct him to so do, etc. The appellant refused to answer upon the grounds of self incrimination.
He was then immediately brought before the court, his attorney accompanied him, and the questions theretofore asked of him by the county solicitor were substantially repeated in the court's presence. Appellant again declined to answer claiming the liberty of silence guaranteed by Section 12 Declaration of Rights, Florida Constitution, F.S.A. and the Fifth Amendment, United States Constitution. Appellant's attorney then called the county solicitor and adduced from him that appellant was summoned in connection with the Donald Baines prosecution with receiving stolen property. He then moved the court for a directed verdict and to quash the rule
These were denied and upon appellant's refusal to testify in connection with said charge, the court entered the judgment and sentence herein appealed.
Under our State and Federal Constitution one is exempt both from answering questions that directly incriminate and also from answering questions that in any wise tend to incriminate. A witness may assert his privilege against self incrimination before a court, a grand jury, a county solicitor or in any criminal investigation.
The refusal by a witness to answer a question before a grand jury or county *30 solicitor because of an honest, but mistaken belief on his part that the answer would be incriminating does not constitute contempt; however, when before the court and upon being directed by the court to answer the question, he asserts the privilege against self incrimination at his peril for if his refusal is unjustifiable, he may then be punished for contempt.
Thus the question: was the appellant's refusal to answer justifiable? Appellee states the question as:
"Whether or not a judicial determination of immunity can be prejudicial to the person granted that immunity so that he can challenge that ruling on appeal, and, if so, was the substantive holding in this case that the receiving stolen property is a crime included under the Larceny Statutes and thus within the purview of the immunity statute, correct?"
The answer to the first part of said question has been answered by our Supreme Court in the case of State ex rel., Benemovsky v. Sullivan, Fla. 1948, 37 So.2d 907, wherein Justice Terrell stated that the state may contract with a criminal for his exemption from prosecution if he shall honestly and fairly make a full disclosure of the crime. However, we do not understand that an unwilling witness can be forced to come into court to make such a contract for disclosure. To deprive a witness of his constitutional privilege against self incrimination by according him complete immunity, is a legislative power. Our legislature has not seen fit to include the crime of receiving stolen goods in our immunity statute, and we may not do so by judicial fiat.
The receiving of stolen goods with knowledge of their having been stolen is a substantive crime, not accessorial, and is indictable and punishable as an offense separate and distinct from the larceny itself. And where the same property, the same larceny, and the same person as principal are involved, the two are in law inconsistent offenses. Thus the element of larceny is the actual caption and asportation whereas the elements of receiving stolen property are the buying, receiving or aiding in the concealment of stolen property with knowledge at the time that the property was stolen. The offense of receiving stolen goods is unlike larceny. It is a felony irrespective of the value or nature of the thing stolen nor need the stolen property be acquired directly from the thief. 28 Florida Jurisprudence Section 3, page 3; Bailey v. State, 76 Fla. 103, 79 So. 748; Hamilton v. State, 129 Fla. 219, 176 So. 89, 112 A.L.R. 1013.
We hold that the crime of receiving stolen property as denounced by Section 811.16, Florida Statutes, F.S.A. is not within the five categories of crimes mentioned in Section 932.29, Florida Statutes, F.S.A. It is a separate and distinct crime itself. Said offense is not included in or a degree of the larceny statute. The appellant was therefore justified in refusing to answer the questions propounded relating to the charge of receiving stolen property.
The appellant filed in the trial court an affidavit and petitioned for an adjudication of insolvency. The record reflects that the appellant makes $60 per week salary, $30 to $35 per week in tips during the season, which had closed, that he owns no personal property other than a 1950 Ford automobile, a small T.V. set and desk, does not own a home, has no bank or savings account, owns no real property and has no funds to pay the cost of this appeal. The court denied his petition and he assigns this as error.
Under the facts appearing in the record, we are under the opinion that the appellant properly invoked section 924.17, Florida Statutes, F.S.A. This statute is to be liberally construed, and in light of the holdings of our Supreme Court in State ex rel. Cheney v. Rowe, 152 Fla. 316, 11 So.2d 585, and Baker v. State, Fla. *31 1949, 42 So.2d 768, it is our conclusion that the order denying an adjudication of insolvency of appellant was erroneous and is accordingly reversed. It is directed that an order of insolvency be entered by the trial court and that the cost of this appeal be paid by the County of Broward.
The above holdings make unnecessary any discussion of the other points raised by appellant. The judgment is reversed, the order of contempt is quashed and the appellant is discharged.
Reversed.
ALLEN, C.J., and KANNER, J., concur.