160 So.2d 546 (1963)
Harold Richard KEUR, Appellant,
v.
STATE of Florida, Appellee.
No. 4237.
District Court of Appeal of Florida. Second District.
December 20, 1963.
Rehearing Denied February 19, 1964.
*547 Harold Richard Keur, in pro. per.
Richard W. Ervin, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
SMITH, Chief Judge.
Appellant Keur appeals from an order denying relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 App. We find error and reverse.
On October 12, 1961, informations were filed charging Keur with grand larceny and embezzlement. On the same day, the defendant appeared before the court without benefit of counsel, was arraigned, and pleaded guilty to each charge. The court accepted the pleas and adjudged the defendant guilty. A pre-sentence investigation was ordered. Subsequently, the defendant again appeared before the court without benefit of counsel, and the court passed sentence for each of the offenses. The record is silent as to whether or not the defendant was able to employ counsel to represent him, whether or not the court advised the defendant of his constitutional right to the assistance of counsel or offered to appoint counsel for him, and whether or not the defendant competently and intelligently waived his constitutional right to counsel.
On May 1, 1963, Keur filed a motion in each cause to vacate the judgment and sentence. The motions were identical, alleging under oath that the defendant did not have an attorney representing him at any time during the proceedings against him; that he was not advised that he could have an attorney; that no offer was made to appoint an attorney for him; and that he was then and now without funds to employ an attorney. Other allegations, which are not here material, pertained to Keur's reasons for entering pleas of guilty.
The court directed a letter to Keur, propounding certain questions regarding the defendant's financial status in late 1961 and early 1962. In response, Keur filed what he styled "addenda" to his motions to vacate, stating under oath that he was last employed in January of 1962 at a salary of $81 per week; that his wife was not employed at that time; that he had a $5,000 life insurance policy which in June of 1961 had been encumbered by a loan of its full cash value and which had since lapsed; that when sentenced in January of 1962 he was indebted in the approximate sum of $6,800 and had no assets; that his salary at that time had been barely enough to sustain and provide for his family; that for several months prior to December of 1961 he had received no income; and that his mother-in-law had paid the premium for the bond which secured his release until the time of sentence. Keur also went into further detail upon the allegedly involuntary nature of his pleas.
The court then addressed a second interrogatory letter, to which the prisoner replied *548 by a second sworn "addendum" to his motions. He stated that his wife had sold almost all of her property and assets, including personal possessions and household goods, and turned the proceeds over to the complaining witness against the defendant. Keur concluded this response with specific requests that he be present at the hearing and that an attorney be appointed to represent him there.
The court entered an order consolidating the two motions for relief and denying both without a hearing. The order recites:
"* * * (I)t occurring to the Court that at the time Petitioner appeared before the Court the Petitioner was advised of his right to counsel and that Petitioner waived representation by counsel, that Petitioner was advised of his right to trial by Jury and that Petitioner waived right to trial by Jury. * * *"
The order then recites in some detail that Keur had admitted his guilt to several officers of the court; that the court had determined and found that the defendant had sufficient intelligence to comprehend the nature of the charges against him, the seriousness of these charges, and the consequences of pleading guilty; and that, since defendant had entered pleas of guilty, the decision in Gideon v. Wainwright[1] was not applicable. The court then made findings to the effect that the defendant had embezzled goods of the value of $10,000 and restored only $4,000; that prior to his arrest he was employed; and that his employment continued for approximately one month after his arrest and he earned $466.56 in that period. By virtue of the foregoing findings, the court concluded that Keur was not indigent so as to require the appointment of counsel to represent him at the arraignment.
Upon the institution of this appeal, Keur filed an oath of insolvency, tracing the statutory language, and a motion for appointment of counsel on appeal. Again without a hearing, the court entered an order refusing to adjudge the defendant insolvent and denying the motion for appointment of counsel on appeal. This denial of the motion for appointment of counsel on appeal was a part of the appeal process and the entertainment of that motion was within the power of the trial court subject to the control of the Appellate Court by motion. No such motion was filed and, hence, this court has not and does not rule on that motion. Fla.App. Rule 6.61, 31 F.S.A. For this reason, Keur appears here without counsel.
With regard to the court's "findings"[2] to the effect that Keur was advised of his right to counsel and his right to trial by jury, and that he waived such rights, suffice it to say that these findings were made by the court upon looking outside of the files and records of the case; such a determination on facts dehors the record cannot form the basis for a summary denial of a motion for relief under Criminal Procedure Rule No. 1. An examination of the motions, and of the files and records in each of these cases, does not conclusively show that Keur was entitled to no relief. Thus, under the requirements of Criminal Procedure Rule No. 1, the court should have caused notice of the motions to be served upon the prosecuting attorney of the court, granted a prompt hearing thereon, determined the issues, and made findings of fact and conclusions of law. King v. State, Fla. App. 1963, 157 So.2d 440.
We turn now to the question of Keur's insolvency. Neither the Act creating the office of public defender nor the other statutes pertaining to indigent defendants defines insolvency or establishes guide lines for determination of the question. However, § 924.17, Florida Statutes, F.S.A., does set forth a form of oath; and an oath in the statutory language is sufficient, *549 if true, to establish insolvency. As stated in the statute, upon the filing of such an oath or affidavit, the court shall either enter an order of insolvency or require further evidence and then grant or deny an order of insolvency, according to whether the court deems the insolvency of the defendant to be satisfactorily established or not. The fact that this statute applies specifically to criminal appeal cases does not detract from its persuasiveness on the present question of how insolvency may be determined.
There is nothing new in our jurisprudence in making the processes of courts available to insolvent defendants without requiring the payment of costs or fees. The Statute of Westminster, 1494, 2 Hen. 7, ch. 12, so provided; it also provided for the appointment of "learned counsel and attornies" to serve without reward. Except for the matter of attorneys, the custom thus established has been continued by statutes in Florida, and the decisions under these statutes should serve as a guide in determining whether or not a defendant is financially able to employ counsel to represent him.
In Florida, as in most of the other jurisdictions, the so-called "discretion test" is used to determine the fact of insolvency. This test contemplates broad discretionary power. However, certain principles have been established to control the exercise of this discretion. Statutes providing benefits to insolvent parties are generally construed liberally so as to accomplish the intention of the lawmakers.[3] The question in inquiries as to insolvency is not whether the defendant's supposed friends or spouse or relations have the ability or readiness or willingness to provide the funds, but whether the defendant personally has the means, or property which can be converted to the means, to employ an attorney to represent him.[4] If a defendant charged with a felony satisfactorily establishes by competent evidence that he is financially unable to employ an attorney, the court is required to adjudge him insolvent, and the public defender is required to represent the defendant.[5]
Rast v. State, 1919, 77 Fla. 225, 81 So. 523, was a case in which the defendant had been convicted of embezzlement of approximately $100,000. Pursuant to what is now § 924.17, Florida Statutes, supra, he made an affidavit of insolvency. The evidence showed that the defendant owned only some realty consisting of his homestead and some vacant lots, of a total normal value of between $15,000 and $18,000; that he had made diligent and serious efforts to realize money from such property by loan, mortgage or sale; but that he was wholly unable to do so because of litigation pending against him to recover the funds embezzled. Under these circumstances, the Supreme Court held that the trial court should have adjudged the defendant insolvent.
In Anderson v. State, Fla. 1956, 85 So.2d 123, the defendant had a family dependent upon him for support, and his income was barely sufficient for that purpose. Having no other property or assets, the defendant was held to be insolvent under § 924.17, supra. In Baker v. State, Fla. 1949, 42 So.2d 768, the defendant sold realty valued at from $6,000 to $7,500 and used the proceeds to live on during the trial, retain seven attorneys, and pay bond premiums. He had *550 no money remaining with which to prosecute his appeal. The Supreme Court held that he was insolvent.
The Public Defender Act, Ch. 63-409, Laws of Florida 1963, grants to the public defender the benefit of the process of court to summon witnesses to testify before the court concerning the personal ability of any accused person to employ counsel for his own defense. In addition, if the trial court shall determine within one year after the determination of insolvency that an accused was erroneously or improperly determined to be insolvent, then the state may proceed against such person for the reasonable value of the services rendered and all costs paid by the State or County in his behalf. The appropriation act for the public defenders, Ch. 63-410, Laws of Florida 1963, F.S.A. §§ 27.55, 27.56, 282.011(9), creates a lien upon all of the property of any person who receives assistance from any public defender. These statutory safeguards should protect the public treasuries against abuse.
Consistent with our decision in Dias v. State, Fla.App. 1963, 155 So.2d 662, wherein we held that an insolvent defendant-appellant who had been denied relief under Criminal Procedure Rule No. 1 was entitled to court-appointed counsel to represent him on appeal, we now hold that such a prisoner is entitled to court-appointed counsel to represent him in the trial court on his motion for relief under Criminal Procedure Rule No. 1.[6]
In the present case, when Keur filed his motion showing present insolvency under oath and request for counsel to represent him in the trial court on his motion for relief under Criminal Procedure Rule No. 1, the court should have granted to the public defender the right to summon witnesses to testify before the court concerning the financial ability of Keur to employ counsel and Keur should have been given the opportunity to offer further evidence on the question of his insolvency. The court could then either grant or deny the motion for appointment of counsel.
Reversed.
KANNER and SHANNON, JJ., concur.
NOTES
[1] 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1962).
[2] Reference is here made to the statements immediately following the words "it occurring to the court".
[3] See, for example, State ex rel. Cheney v. Rowe, 1943, 152 Fla. 316, 11 So.2d 585.
[4] Accord: Swilley v. State, 1918, 76 Fla. 173, 79 So. 715; Loy v. State, Fla. 1954, 74 So.2d 650; Lawrence v. State, Fla. 1954, 76 So.2d 271; Gaston v. State, Fla. App. 1958, 106 So.2d 622.
[5] Chapter 63-409, Laws of Florida 1963, F.S.A. § 27.50 et seq. Accord: Rolle v. State, 1934, 115 Fla. 64, 154 So. 892; Loy v. State, Fla. 1954, 74 So.2d 650; Brizzie v. State, Fla.App. 1960, 120 So.2d 27; Chavigny v. State, Fla.App. 1959, 113 So.2d 838. Dictum: Cutts v. State, 1907, 54 Fla. 21, 45 So. 491. Note also § 909.21, Florida Statutes, F.S.A., providing for appointment of counsel in capital cases.
[6] Cf. Mullins v. State, Fla.App. 1963, 157 So.2d 701 (First District Court of Appeal, Case No. E-293, opinion filed November 21, 1963), wherein the court said:

"* * * (T)he cause is remanded with directions for further proceedings * * * including a full opportunity to the defendant or a court-appointed counsel to present evidence in support of the allegations of the motion * * *."