### DUVAL COUNTY LEGAL AID ASSOCIATION, Inc. v. SLAUGHTER, Clerk of Circuit Court.

No. 67-0449.

Circuit Court, Duval County.

December 6, 1967.

Yardley D. Buckman, Jacksonville, for plaintiff.

C. Ray Greene, Jr. of Greene, Greene, Kennelly & Stockton, Jacksonville, for defendant.

FRANK H. ELMORE, Circuit Judge.

*Final judgment:* This action came on for trial upon the complaint and answer. Counsel for both parties stipulated in open court that all objections to the lack of a motion to set for trial and all time requirements established by the rules of civil procedure were waived. The answer admits the material allegations of the complaint. There are no issues of fact, but only a question of law for this court to determine.

Taking the material allegations of the complaint as being admitted by the answer filed herein, the court finds —

1. (a) At all times material herein, plaintiff is and was, a Florida non-profit corporation organized and operated under the auspices of the Jacksonville Bar Association, a local association composed of the majority of the attorneys-at-law practicing in Duval County.

(b) Plaintiff employs a staff of six full-time attorneys-at-law, who are duly authorized to practice before the courts of this state. The activities of plaintiff through its full-time paid staff attorneys are the rendering of free legal aid and assistance to indigent persons in Duval County, who are unable to afford the services of private attorneys. Each of said staff attorneys is required to represent only those persons (a) who voluntarily apply for assistance, and (b) who meet certain uniform financial guidelines established for the purpose of determining indigency or insolvency, and (c) whose cases are those customarily handled by legal aid associations. Said staff attorneys are paid a flat salary by the plaintiff and are required to work full-time for the plaintiff in the representation of said aforesaid indigents in this community. The compensation paid by the plaintiff to its staff attorneys does not depend upon the acceptance or rejection by said attorneys of any particular case, nor does it vary with the number of cases that the attorney may or may not accept for

representation. The staff attorneys have the discretionary power to accept or reject the representation of an indigent when in their professional opinion there is no meritorious claim involved.

2. In the event that an applicant meets the standards established for indigents or insolvents, and if in the determination of the staff attorney handling the case, there is a meritorious claim involved of the type generally handled by a legal aid association, the client is requested to pay any necessary statutory filing fees imposed by law in the event that litigation is necessary to prosecute the client's claim. If the client is unable for financial reasons to pay the filing fees or sheriff's fees for service of process established by law for filing suits and effecting service of process in various courts of this county, including, but without limitation, the above entitled court, the client is required to execute for filing with the clerk of the subject court, the affidavit of poverty or insolvency, as provided for by §58.09, Florida Statutes. In such cases, the staff attorney of the plaintiff also executes the certificates called for by that section of the statutes.

3. The foregoing procedure set forth in paragraph 2, supra, was utilized in filing approximately 160 cases in June, July and August of 1967, in the above entitled court. Said cases with their aforesaid affidavits and certificates were accepted by the defendant for filing, who waived the filing fees imposed by law for filing suits in the circuit court of this state as provided for by §58.09. However, on or about the 9th day of October, 1967, the plaintiff was informed by the defendant that the defendant would refuse to accept for filing with a waiver of filing fees any more such cases based upon said insolvency affidavit and attorney's certificate.

The defendant takes the position that because the staff attorneys employed by the plaintiff are paid a salary by the plaintiff, that such salary is "compensation" within the meaning and intent of the statutory language required by §58.09 to be included in the said attorney's certificate. After Tuesday, the 10th day of October, 1967, the defendant has refused to accept for filing with waiver of filing fees, any further cases tendered by the staff attorneys of the plaintiff on behalf of insolvent or indigent residents of Duval County who are represented by the aforesaid staff attorneys.

4. There is a bona fide dispute between the plaintiff and the defendant as to the construction and statutory interpretation to be made of §58.09 as to whether the fact that the plaintiff's staff attorneys are paid a salary prevents an indigent or insolvent

resident otherwise qualified, from obtaining the benefits afforded to other indigent or insolvent residents filing suits in the circuit court of Duval County, as provided by §58.09. Plaintiff and defendant are both entitled to a declaratory judgment with reference to the question presented herein.

Counsel has cited to the court the case of Keur v. State (Fla.), 160 So.2d 546, and the cases cited therein, together with the case of State v. Rowe (Fla.), 11 So.2d 585, which are authority for the proposition that insolvency statutes such as §58.09 are to be liberally construed in order to carry out the intent of the legislature. Also of interest is the case of Linda Diane Jordan v. Kenneth Michael Jordan, circuit court, ninth judicial circuit in and for St. Lucie County, Florida, case no. 9270-E, wherein the same legal question was raised in a proceeding before the Honorable D. C. Smith, Circuit Judge. In that proceeding by an order entered November 17, 1966, according to the certified copy of the order exhibited to this court, the St. Lucie County Circuit Court held, *inter alia* —

> "(2) That the salary paid plaintiff's attorney by the Economic Opportunity Legal Services Program, Inc., of St. Lucie County, to represent indigent persons, does not constitute any fee or other remuneration within the meaning of §58.09 of the Florida Statutes and does not disqualify the plaintiff from receiving the benefits of §58.09."

Examination of §58.09 by this court makes it clear that the intent of the statute is inherent in its language when all parts of the section are construed as a whole. The statute provides in part —

> "Insolvent and poverty stricken persons having actionable claims or demands existing in their favor *shall* receive the services of the several courts, sheriffs, clerks, and constables of the counties in which they reside, without charge or costs to themselves . . ." (Italics added.)

In order to carry out the intent of the statute, this court finds that it is necessary to supply the words "by the plaintiff" with respect to that portion of the statute dealing with the attorney's certificate, i.e. —

> ". . . and that he has not been paid or promised payment of any fee or other remuneration [by the plaintiff] for his services and intends to act as attorney for the plaintiff without charge or compensation [from the plaintiff]."

To hold otherwise would be to completely defeat the purpose of the statute because it is obvious that the statute is concerned with the insolvency of the plaintiff, not the plaintiff's attorney.

It is upon consideration, adjudged —

1. That the salary paid to the plaintiff's attorney by the Duval County Legal Aid Association, Inc. to represent indigent persons, does not constitute any fee, remuneration or other compensation within the meaning of §58.09, Florida Statutes, and does not disqualify the clients of the atorneys employed by the plaintiff from receiving the benefits thereof.

2. The clerk of this court is hereby authorized, empowered and ordered to accept for filing in the circuit court of Duval County the attorney's affidavit and certificate executed by attorneys employed by the plaintiff when so tendered in conjunction with the statutory affidavit of insolvency executed by the indigent clients or said attorneys and thereafter to issue a certificate of insolvency forthwith without requiring the prepayment of any costs or filing fees.