216 So.2d 54 (1968)
In the Interest of L.G.T., a Child Juvenile Court Case No. 27-189.
No. 2022.
District Court of Appeal of Florida. Fourth District.
November 4, 1968.
Rehearing Denied December 16, 1968.
John J. Quinn, Boca Raton, for appellants.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
*55 OWEN, Judge.
A juvenile was adjudged delinquent by the Juvenile and Domestic Relations Court of Palm Beach County. The juvenile and his father filed a notice of appeal, together with a motion for an order of insolvency. The order denying that motion is the subject of this present appeal.
The facts which were before the juvenile court at hearing on the motion for order of insolvency are briefly stated as follows: The 14-year-old juvenile was completely destitute, living with his father and mother and their two younger children; no one in the family had any savings nor owned any property but the father earned $75.00 per week, plus lodging for the family, and the mother earned $65.00 per week.
The juvenile court held that the parents' legal duty to furnish support for their children in the form of food, clothing, shelter, medical care and other necessities would also include the duty to provide legal services for their child. Finding on the basis of a combined parental income of $140.00 per week, plus family lodging, that the appellants had failed to show that such weekly earnings were insufficient to defray legal expenses incident to the appeal, the court denied the motion for an order of insolvency. We reverse.
The Gault[1] case held a that a juvenile was constitutionally entitled to counsel during the adjudicatory proceedings in the juvenile court. Although by its expressed terms the opinion was made inapplicable to post adjudicatory proceedings, other language in the opinion clearly recognizes that neither the Fourteenth Amendment nor the Bill of Rights is for adults alone. On a direct appeal from a criminal conviction, an adult has the constitutional right to counsel on appeal[2] and the right to a prepared transcript.[3] In the Gault case it was recognized that notwithstanding the non-criminal nature of the proceedings the juvenile did not lose any constitutional rights or protection merely because he was in the juvenile court instead of in the criminal court. We therefore hold that on appeal by a juvenile from an order adjudicating him a delinquent, he has the same rights on appeal from such order as does a defendant on appeal from a criminal conviction.
These rights are meaningless to one unable to pay the cost involved on appeal unless he can bring himself within the insolvency statute.[4] The question is thus squarely presented as to whether a juvenile, completely destitute in his own right, may be denied the benefit of the insolvency statute on the basis of the ability of his parents to bear the cost incident to appeal.
Beginning with Swilley v. State, 1918, 76 Fla. 173, 79 So. 715 and followed in a long line of cases[5] since that time, our courts have consistently held that the question in inquiries as to insolvency under this statute is whether the defendant personally has the means to pay the costs incident to the appeal, and not whether the defendant's supposed friends or spouse or relations have the ability or readiness or willingness to provide the funds. In one such case, Rastralli v. State[6] wherein a minor appealed from an order denying him the benefit of the insolvency statute, the court stated:
"It appears to us that the trial court proceeded without regard to the essential *56 requirements of the law when he denied the application for insolvency filed by the defendant below. The trial court found from the affidavit and evidence that the defendant was insolvent, and yet denied his application because he had not shown that his father was unable to pay the costs of appeal. Such a finding must necessarily have been predicated on the conclusion that the payment of costs in a criminal case for the purposes of an appeal from a judgment of conviction is a `necessary,' within the meaning of the law, for which the parent of an infant is liable in the same fashion that the parent is liable for food, clothing, shelter and other obvious necessaries. We find no law to support such a conclusion.
"As is made clear by our decisions, the test on an inquiry of insolvency is not what the prisoner's friends or relatives have the ability to do in paying costs, or their readiness or willingness to pay them. The test is whether the defendant, himself, has the ability to pay the costs or to secure their payment. Swilley v. State, 76 Fla. 173, 79 So. 715; Baker v. State, Fla., 42 So.2d 768; Loy v. State, Fla., 74 So.2d 650."
On the basis of the quoted language of the Rastralli case we conclude that the parents' common law duty to furnish necessities to their minor children does not extend to the furnishing of legal services and costs incident to an appeal. Even if such a duty did exist, however, a parent's failure to fulfill such duty should not work to deprive the minor of his constitutional rights with which we are concerned. Whether such a duty is to be placed upon the parents and if so, whether provision is to be made for the state to be reimbursed by the parents should it be called upon to provide such legal services and costs upon the parents' failure to fulfill such duty, may be a proper subject for the legislature to consider.
The juvenile appellant should have been allowed the benefits of the insolvency statute, which benefits include counsel and costs incident to the appeal. The interest of the appellant father must necessarily coincide with that of the appellant minor and therefore it becomes unnecessary to determine the question of whether the father should have been adjudged insolvent.
The order appealed is reversed and the cause remanded for entry of an order finding the juvenile appellant insolvent within the meaning of F.S. 1967, Section 924.17, F.S.A.
Reversed.
WALDEN, C.J., and CROSS, J., concur.
NOTES
[1] In re Gault, 1967, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527.
[2] Douglas v. People of State of California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811.
[3] Griffin v. People of State of Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.
[4] F.S. 1967, Section 924.17, F.S.A.
[5] Keur v. State, Fla.App. 1963, 160 So.2d 546; Gaston v. State, Fla.App. 1958, 106 So.2d 622; Lawrence v. State, Fla. 1954, 76 So.2d 271; Rastralli v. State, Fla. 1954, 76 So.2d 270; Loy v. State, Fla. 1954, 74 So.2d 650; Baker v. State, Fla. 1949, 42 So.2d 768; Rast v. State, 1919, 77 Fla. 225, 81 So. 523.
[6] Note 5, supra.