429 So.2d 332 (1983)
Olga L. ROMANI, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-727.
District Court of Appeal of Florida, Third District.
March 1, 1983.
Rehearing Denied April 27, 1983.
*333 Carin Kahgan, Miami, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
PER CURIAM.
The defendant was convicted of Medicaid fraud and violation of the Racketeer Influenced and Corrupt Organizations Act. In seeking reversal, she contends that her due process rights were violated and that at closing the prosecution improperly argued evidence not before the jury. We uphold the judgment of conviction.
As to the first contention, since due process does not require the appointment of counsel for the purpose of an indigency hearing, see Rollins v. State, 299 So.2d 586 (Fla.), cert. denied, 419 U.S. 1009, 95 S.Ct. 328, 42 L.Ed.2d 283 (1974), it cannot be maintained that because the public defender had once been appointed on the basis of the defendant's indigence and then withdrew because of a conflict of interest, due process required a court-appointed attorney to represent the defendant at the subsequent indigency hearings held pursuant to Enrique v. State, 408 So.2d 635 (Fla. 3d DCA 1981), pet. for review denied, 418 So.2d 1280 (Fla. 1982); nor is it a denial of due process when the subsequent hearings lead to a nonindigency determination involving no abuse of discretion, see Keur v. State, 160 So.2d 546 (Fla. 2d DCA 1963), and the defendant proceeds to trial pro se after being furnished a reasonable opportunity to obtain and effectively assist private counsel prior to trial. See Cash v. Culver, 120 So.2d 590 (Fla. 1960).
As to the second contention, it is conceded by the state that during closing argument the prosecutor informed the jury of the dissolution in June, 1979 of the defendant's medical partnership with another physician (thereby disputing the defendant's assertion that the partner, and not she, had received the illegal 1980 Medicaid payments) when no evidence of the dissolution was introduced during the trial itself. However, the injection of the improper argument was entirely harmless in view of the state's proof that the subject Medicaid claim forms were signed by the defendant and that the Medicaid checks were made payable to and and were negotiated by the defendant herself.
Affirmed.