157 So.2d 701 (1963)
HILTON MULLINS, APPELLANT,
v.
THE STATE OF FLORIDA, APPELLEE.
No. E-293.
District Court of Appeal of Florida, First District.
November 21, 1963.
*702 Hilton Mullins, in pro. per.
Richard W. Ervin, Atty. Gen., and A.G. Spicola, Jr., Asst. Atty. Gen., for appellee.
CARROLL, DONALD K., Justice.
This is one of a myriad of cases that have descended upon the state courts as a result of the recent decision of the United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, decided March 18, 1963, holding that the right to counsel in criminal cases in state courts is one of the fundamental rights guaranteed by the 14th Amendment to the United States Constitution.
The case before us is typical of many of such cases in which the accused pleaded guilty to the charges against him and was tried, convicted, and sentenced without his being represented by counsel  except for the additional fact that in the present case the accused, a minor, was accompanied by his mother at the arraignment and they both stated to the court that they did not desire counsel.
The critical question before us, therefore, is whether in this instance the accused effectively waived his right to counsel consistently with the doctrine laid down in the Gideon case.
In Gideon v. Wainwright, supra, the majority of the United States Supreme Court, in an opinion written by Mr. Justice Black, overruled an earlier decision on the point and held that the right of an indigent defendant in a criminal trial in a state court to have the assistance of counsel is a fundamental right essential to a fair trial, and such a defendant's trial and conviction without the assistance of counsel is violative of the 14th Amendment. The court held that the provision in the 6th Amendment  "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence"  was made applicable to state courts under the "due process of law" clause of the 14th Amendment. The Supreme Court declared that in our country the right of one charged with crime to counsel is fundamental and essential to fair trials.
At one point in the opinion in the Gideon case the Supreme Court adverted to the subject of the waiver of this fundamental right, the crucial question on the present appeal, and stated that the court had held that in the federal courts "counsel must be provided for defendants unable to employ counsel unless the right is competently and intelligently waived." The court cited in support of the last proposition its decision in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).
We then turn to the decision in this Johnson case for light as to the character of the waiver necessary for an indigent defendant to give up his fundamental right to counsel. The United States Supreme Court, in an opinion written by Mr. Justice Black, held concerning the waiver of this right:
"There is insistence here that petitioner waived this constitutional right. *703 The District Court did not so find. It has been pointed out that `courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we `do not presume acquiescence in the loss of fundamental rights.' A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.
* * *
"The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused  whose life or liberty is at stake  is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record."
In the Johnson case the petitioner for a writ of certiorari, while imprisoned in a federal penitentiary, had filed a petition for a writ of habeas corpus in a federal district court, which had discharged the writ. The United States Supreme Court reversed the cause and remanded it to the district court, with these instructions:
"In this case, petitioner was convicted without enjoying the assistance of counsel. Believing habeas corpus was not an available remedy, the District Court below made no findings as to waiver by petitioner. In this state of the record we deem it necessary to remand the cause. If  on remand  the District Court finds from all of the evidence that petitioner has sustained the burden of proof resting upon him and that he did not competently and intelligently waive his right to counsel, it will follow that the trial court did not have jurisdiction to proceed to judgment and conviction of petitioner, and he will therefore be entitled to have his petition granted. If petitioner fails to sustain this burden, he is not entitled to the writ."
It is our opinion that the rules and holdings quoted above from the Johnson case concerning the waiver of the right to counsel in the federal courts are consistent with, if not incorporated in, the Supreme Court's opinion in the Gideon case, relating to the right to counsel in the state courts.
The Gideon decision also throws light upon another phase of the instant case  the fact that the minor appellant was accompanied by his mother when he pleaded guilty and stated he did not desire counsel. The Supreme Court declared:
"* * * A defendant's need for a lawyer is nowhere better stated than in the moving words of Mr. Justice Sutherland in Powell v. Alabama [287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158]:
"`The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at *704 every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.'"
Applying the foregoing principles to the facts before us in the case on appeal, we find that the appellant-defendant, a minor, was charged with committing a crime against nature. The judgment of the Court of Record for Escambia County, entered on September 25, 1962, recites that on that date the defendant came into court with his mother
"* * * who acknowledged to the Court that she had full knowledge of the charge filed against her son and agreed to his arraignment and plea of guilty. Upon inquiry by the Court to the defendant and his mother as to whether the defendant had counsel or desired counsel, they announced that the defendant was without counsel and did not desire the same. Having been furnished a copy of the information, the said defendant was duly arraigned and entered his plea of guilty. * * Therefore you having plead guilty as charged, the Court adjudges you to be guilty of said offense as charged.
"On being asked by the Court whether or not he had anything to say why sentence of the law should not now be pronounced on him, say nothing."
The judgment then states that the defendant is sentenced to imprisonment for a term of six months to five years.
On June 24, 1963, the defendant filed in the said court a motion to vacate the said judgment and sentence pursuant to Florida Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, promulgated by the Supreme Court of Florida.
In this motion the defendant alleges that he was denied due process of law under the 5th, 6th, and 14th Amendments to the United States Constitution, as well as sections 12 and 22 of the Declaration of Rights in the Florida Constitution, F.S.A., in that, when he entered his plea of guilty, he was an insolvent minor, without being advised, or having full knowledge of, the substance of the charge against him; that his mother is a layman with only a fifth grade education; that she stated, too, that she was insolvent and unable to obtain counsel for her son's defense and, when the judge asked her if she desired counsel, she said no because she was unable to pay for counsel, but the judge failed to advise her that her son was entitled to court-appointed counsel if she desired one. The motion concludes with the request that the court issue an order for the "production of the defendant to be present at the determination of this motion."
On June 25 the court entered the order appealed from, reciting that on that date a hearing was held on the said motion; that the court had caused a notice of hearing to be served upon the prosecuting attorney, who was present at the hearing; that the court was of the opinion that the merits of the motion and its grounds did not warrant the production of the prisoner at the hearing in order to entertain and determine the motion; and that the court finds from the record in the cause that the defendant "waived his right, if any, to appointment of counsel in his behalf and voluntarily plead guilty to the offense * * * and is not entitled to the relief requested. * * *" The court then denied the motion to vacate and set aside the adjudication of guilt and sentence.
It is our judgment that the allegations of the defendant's said motion, if proven, would entitle him to the relief prayed for under the decisions discussed above. Under those decisions the issue is whether the defendant "competently and intelligently" waived his right to counsel. If he proves the allegations in his motion, clearly there was no effective waiver of his fundamental constitutional right to counsel.
*705 The order appealed from is reversed and the cause is remanded with directions for further proceedings in harmony with the views herein, including a full opportunity to the defendant or a court-appointed counsel to present evidence in support of the allegations of the motion, particularly with reference to the critical issue of competent and intelligent waiver.
Reversed and remanded with directions.
RAWLS, J., concurs specially with opinion.
STURGIS, C.J., concurs with RAWLS, J.
RAWLS, Judge (concurring specially).
I am fearful that the following statement in the opinion authored by Judge Carroll, viz.: "* * * In Gideon v. Wainwright, supra, the majority of the United States Supreme Court, in an opinion written by Mr. Justice Black, overruled an earlier decision on the point and held that the right of an indigent defendant in a criminal trial in a state court to have the assistance of counsel is a fundamental right essential to a fair trial * * *" [Emphasis supplied.] might be construed by the reader as extending this right to those indigents accused of a crime less than that of a felony.
In the opening paragraph of the Gideon opinion, Justice Black stated: "This offense is a felony under Florida law." It necessarily follows that the law of that case establishes the basic right of indigents accused of a "felony" [or a greater offense] to have assistance of counsel unless such right is competently and intelligently waived. Likewise, it is apparent that the Gideon decision is not applicable to those indigents accused of a lesser offense than that of a felony.
Except as stated above I concur in every respect to the opinion authored by Judge Carroll.
STURGIS, C.J., concurs.