160 So.2d 752 (1964)
Carl C. CONLEY, Appellant,
v.
STATE of Florida, Appellee.
No. E-262.
District Court of Appeal of Florida. First District.
February 18, 1964.
*753 George G. Phillips, Public Defender, for appellant.
Richard W. Ervin, Atty. Gen., and A.G. Spicola, Jr., Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
On December 11, 1959, appellant entered his plea of guilty to three separate counts of an information charging him with robbery, breaking and entering with intent to commit grand larceny, and grand larceny. Consequent upon such plea the Court of Record of Escambia County adjudged him guilty and sentenced him on the first count to serve a term of imprisonment from six months to life, and on the second count a term of six months to fifteen years. Sentence on the third count of the information was indefinitely deferred.
After serving approximately three and one-half years of the sentence imposed upon him, appellant filed a motion for relief pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 App. in which he assaulted the judgment of conviction and sentence and prayed that it be vacated and set aside. From the order denying his motion this appeal is taken.
Appellant acted in proper person in the filing of his motion for relief in the trial court and in the perfection of his appeal in this Court. It was not until after briefs had been filed by both parties to this appeal that appellant requested this Court by motion for the appointment of counsel to assist him. Jurisdiction of the appeal was temporarily relinquished and pursuant to the directions of this Court, the public defender of Escambia County was appointed to represent appellant and to file such brief in the cause as he deemed necessary and proper. As a result, a supplemental brief has been filed on appellant's behalf by the public defender, and a reply thereto has been filed by the Attorney General.
Appellant contends that the trial court erred in denying his motion for relief which he predicated on the three separate grounds hereinafter discussed.
In his motion appellant first alleged that after his arrest in 1959, and prior to his arraignment before the court on the charges contained in the information filed against him, he made a deal with the Sheriff of Escambia County in which he agreed to cooperate with the authorities and help solve the crimes charged providing the Sheriff would assure him that he would receive a moderate sentence. It is further alleged that after conferring with the county solicitor, the Sheriff informed appellant that if he would plead guilty to the charges against him and cooperate with the authorities, he would receive an indeterminate sentence of imprisonment in the state prison of from six months to fifteen years; that appellant accepted this offer and upon arraignment entered his plea of guilty as charged in all three counts of the information.
Appellant contends that based upon the foregoing allegations he was entitled to an order invalidating and setting aside his judgment of conviction, and the trial court erred in holding to the contrary. Appellant does not allege that after imposition of sentence a motion was made by him for permission to withdraw his plea of guilty and enter a plea of not guilty on the ground that the sentence imposed was different from the one agreed to between him and the Sheriff prior to arraignment. Had such *754 motion been made and denied, appellant's normal recourse would have been to appeal from the judgment at the time it was rendered and sentence imposed, assigning as error the court's denial of his motion to withdraw his plea of guilty under the circumstances alleged. Having failed to object to the judgment as rendered at the time it was entered, and by not raising any question as to the validity of the judgment on this ground until after having served approximately three and one-half years of the sentence imposed thereby, we must agree with the trial judge that this ground of appellant's motion for relief is without merit and is insufficient to justify the relief sought.
The motion for relief further alleges that at the time of appellant's arraignment and the entry of his plea of guilty the trial judge did not conduct an inquiry concerning the voluntary character of his plea, nor was appellant informed as to the nature of the cause of the charges and the possible range of the sentence that could be imposed thereunder. Appellant contends that the failure of the trial judge in the particulars mentioned deprived him of due process of law and constituted such a violation of his fundamental rights as to invalidate the judgment entered upon his plea of guilty. In support of this position, appellant invites our attention to the Aiken case decided by the Circuit Court of Appeals for the Fourth Circuit[1] in which it was held that at a minimum the District Court should, before permitting an accused to waive his right to counsel, (1) explain the charges and the possible punishment, (2) inquire whether any threats or pressures have been brought to bear on him, and (3) determine whether any promises have been made to him by the investigating or prosecuting officials. We note, however, that the foregoing ruling is predicated at least in part upon the Federal Rule of Criminal Procedure, Rule 11, which provides that "A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. * * *" Although the holding of the federal court in the Aiken case sets a pattern which trial judges in Florida may well follow, it must be pointed out that we do not have in this state a rule of criminal procedure similar to Rule 11 which is in effect in the federal jurisdiction. For this reason, the holding in Aiken cannot be said to be controlling with respect to the inquiries which should be made and the procedure to be followed by trial courts of this state in accepting pleas of guilty by those charged with the violation of our criminal laws.
The order appealed recites that from the record and other evidence before it the court determined that at the time of his arraignment appellant voluntarily plead guilty to the offenses for which he was adjudged guilty and sentenced. It therefore appears that in the case sub judice the trial court did make a finding as to the voluntary character of the plea of guilty entered by the appellant at the time of his arraignment on December 11, 1959. The allegations of the motion filed by appellant reveal that he was not only thoroughly informed as to the nature of the offenses with which he was charged, but he was also aware of the maximum sentence which he could possibly receive upon his adjudication of guilt. It was in light of this knowledge that he now claims to have made a deal with the Sheriff for a shorter sentence than the one he might ultimately have received. Under the circumstances we find and so hold that appellant's second point on appeal is without merit.
In the last point urged by appellant for reversal, he contends that at the time of his arrest and arraignment in December of 1959, he was denied the right to appointment of counsel to assist him in his defense when he was insolvent and unable to employ *755 counsel on his own account. It is contended that the failure of the trial judge to appoint an attorney to represent him at the time of his arrest and arraignment violated his constitutional right to due process of law under the decision rendered by the Supreme Court of the United States in the case of Gideon v. Wainwright.[2]
An examination of the judgment of conviction and sentence entered against appellant reveals that at the time of his arraignment, upon inquiry by the court as to whether he had counsel or desired counsel, appellant announced that he was without counsel and did not desire the same. After being furnished with a copy of the information filed against him appellant entered his plea of guilty to the charges alleged in all three counts of the information. In the order appealed the trial judge found and determined that at the time of his arraignment defendant waived his right to the appointment of counsel in his behalf.
In his motion for relief appellant alleged that at the time of his arraignment he was twenty-six years of age and had a ninth grade education. He alleged at that time he had no money with which to employ counsel, and was not informed by the court that if he could not employ an attorney, the court would provide a court-appointed attorney to represent him in the trial of the offenses with which he was charged. The motion alleges that appellant was of the opinion at that time that the law prohibited the appointment of counsel to represent indigent defendants in noncapital cases and therefore infers that he believed he would not have been entitled to have counsel appointed to represent him even though he requested that this be done.
By his brief appellant argues even though the record shows that he waived the right to the appointment of counsel to represent him in his defense, that nevertheless he did not competently and intelligently waive his right to counsel and therefore his waiver was ineffective. In all of the cases recently decided by the Supreme Court of the United States and other federal courts it seems clear that before an indigent person charged with a capital crime may be held to have waived his right to the appointment of counsel, such right must have been competently and intelligently waived.[3] A similar conclusion was reached by this Court in the Mullins case which followed the federal decisions alluded to above.[4]
Since the record in the trial court affirmatively reveals that at the time of his arraignment appellant waived the right to appointment of counsel, before he can contend that such waiver was ineffective the burden rests on him to both allege and prove by competent evidence that his right to counsel was not competently and intelligently waived. In the King case the Second District Court of Appeal, speaking through Judge Smith, said:
"Of course, the defendant who, without counsel, enters a plea of guilty or acquiesces in a trial resulting in his conviction, and later makes a collateral attack upon that judgment, faces a presumption that such judgment was regular. * * * In a right-to-counsel case, the burden rests upon the defendant in his collateral attack upon the judgment to rebut this presumption by first alleging and then proving by a preponderance of the evidence (1) that he was not represented by counsel; (2) that he was financially unable to employ counsel; and (3) that he did not competently and intelligently waive his right to counsel."[5]
An examination of the motion for relief filed by appellant before the trial *756 court contains no allegations to the effect that he did not competently and intelligently waive his right to the appointment of counsel at the time of his arraignment other than the fact that he was twenty-six years of age and had a ninth grade education. The bald allegation that he was arbitrarily deprived of the right to the appointment of counsel is not sufficient to carry the burden required of him to state a cause for relief under Criminal Procedure Rule No. 1, particularly in light of the record which shows a waiver of the right to counsel. For the reasons and upon the authorities above cited we are of the view that appellant's last and remaining point contains no merit. The order appealed is accordingly affirmed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.
NOTES
[1] Aiken v. United States, 4 Cir., (1961) 296 F.2d 604.
[2] Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.
[3] Aiken v. United States, see Footnote 1; Gideon v. Wainwright, see Footnote 2.
[4] Mullins v. State of Florida (Fla.App. 1963), 157 So.2d 701.
[5] Williams Carlton King, Jr. v. State of Florida (Fla.App. 1963), 157 So.2d 440.