162 So.2d 675 (1964)
Glenn DYKES, Appellant,
v.
STATE of Florida, Appellee.
No. E-272.
District Court of Appeal of Florida. First District.
March 10, 1964.
Rehearing Denied April 3, 1964.
*676 Glenn Dykes in pro. per.
Richard W. Ervin, Atty. Gen., and A.G. Spicola, Jr., Asst. Atty. Gen., for appellee.
RAWLS, Judge.
On about December 1, 1959 appellant Glenn Dykes was charged by an information in the Court of Record of Escambia County with eleven counts of grand larceny and breaking and entering, each of which constitutes a felony under our law. On said date Dykes pleaded guilty to each count, was adjudged guilty by the Court and was sentenced to imprisonment in the state prison for a long period of time.
On April 22, 1963, Dykes filed in the Court of Record his motion to vacate and set aside said judgment and sentence pursuant to Florida Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, alleging that at the time he pleaded guilty and was sentenced: 1. he was not represented by counsel and was without funds to provide counsel; 2. counsel would have materially aided him in the cause; and 3. he never waived an offer of counsel nor was such offer ever made. In said motion he then reaches the conclusion that his conviction "was made and imposed in violation of the Constitution of the United States of America as clearly set forth by the United States Supreme Court in the case of Gideon v. Wainwright * * *"[1] The record of the trial proceedings reflects: "* * * Now on this day came in person Glenn Dykes in open court and upon inquiry by the court to him as to whether he had counsel or desired counsel, the defendant announced that he was without counsel and did not desire same." The trial court found from its records (as quoted above) that Dykes had waived his right to counsel and denied any relief. Dykes appealed.
In the case of King v. State[2] Chief Judge Smith in a scholarly opinion explored the identical question here presented, and set forth what we determine to be the controlling principles of law, viz.:
"Of course, the defendant who, without counsel, enters a plea of guilty or acquiesces in a trial resulting in his conviction, and later makes a collateral attack upon that judgment, faces a presumption that such judgment was regular. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). In a right-to-counsel case, the burden rests upon the defendant in his collateral attack upon the judgment to rebut this presumption by first alleging and then proving by a preponderance of the evidence (1) that he was not represented by counsel; (2) that he was financially unable to employ counsel; and (3) that he did not competently and intelligently waive his right to counsel * * *. On the other hand, if the record shows or if there is evidence which shows that the court offered counsel to defendant, then the burden rests upon the defendant to allege and prove that he did not intelligently and understandingly reject such offer. * * *"
Dykes has wholly and completely failed to allege facts that would upset the presumption of the regularity of his conviction.
A petition to vacate a sentence must set forth facts as distinguished from mere conclusions and a petitioner's allegations supported only by his own assertions *677 are not sufficient.[3] Here, Dykes alleges that he was not offered counsel and that he did not waive counsel. The record states that he told the court that he did not desire counsel. Dykes's petition clearly presents to this court alleged facts which are contradicted by the records of the trial court and, therefore, are not adequate for the purposes of a collateral attack.
Johnson v. Zerbst[4] is often cited in waiver-of-counsel cases and is liberally quoted by those seeking relief in such proceedings. We find the foregoing fundamental controlling principle of law enunciated in the Johnson case by Justice Black on pages 468 and 469 of 304 U.S., on page 1025, of 58 S.Ct., 82 L.Ed. 1461:
"It must be remembered, however, that a judgment cannot be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of Counsel. * * *" [Emphasis supplied.]
Defendant Dykes has not begun to meet the burden so imposed upon him in this collateral attack.
Our conclusion here is founded to a great extent upon the recent decision of the United States Supreme Court in the Sanders case.[5] There, Sanders filed two motions collaterally attacking his judgment of conviction. The first motion filed by Sanders alleged: (1) the indictment was invalid, (2) appellant was denied adequate assistance of counsel as guaranteed by the Sixth Amendment, (3) the sentencing court had allowed the appellant to be intimidated and coerced into entering a plea without counsel. The record revealed that at the time of his trial and in response to inquiries of the trial judge, Sanders waived assistance of counsel and then pleaded guilty to the charge in the information. Subsequently, on the collateral attack the trial court found that the motion "sets forth nothing but unsupported charges, which are completely refuted by the files and records of this case. Since the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, no hearing on the motion is necessary." Approximately eight months later the prisoner Sanders filed a second motion alleging therein that at the time of conviction and sentence he had been incompetent as a result of narcotics, and that narcotics had been administered to him by attendants at the jail because of his being an addict, all of which made him unable to competently waive counsel. In holding that the sentencing court should have granted a hearing on the second motion, the Supreme Court of the United States held as a matter of law that "Petitioner's first motion under § 2255 was denied because it stated only bald legal conclusions with no supporting factual allegations. The court had the power to deny the motion on this ground, see Wilkins v. United States, 103 U.S.App.D.C. 322, 258 F.2d 416 [C.A.D.C. Cir.1958], although the better course might have been to direct petitioner to amend his motion, see Stephens v. United States, 246 F.2d 607 (C.A. 10th Cir., 1957) (per curiam). * * * The crucial allegation of the second motion was that petitioner's alleged mental incompetency was the result of administration of *678 narcotic drugs during the period petitioner was held in the Sacramento County Jail pending trial in the instant case. * * *" [Emphasis supplied.] Therefore, the law of the case as enunciated in Sanders pertains to the entertainment of successive motions by the sentencing court holding in effect that a hearing is not res adjudicata as to all matters that could have been raised by a petitioner, and that statements setting forth bald legal conclusions with no supporting factual allegations will not require a full scale hearing.
A proceeding under Criminal Rule No. 1[6] is strictly a collateral attack upon the judgment of conviction in a criminal case. The movant in each instance is necessarily confronted with the record of the proceedings upon the trial resulting in the judgment assailed and where, as in this case, such record reflects that he waived the right to have counsel appointed to represent him on the trial, the motion under Rule 1 must contain allegations of fact which if true would entitle him to a new trial because of lack of due process or the deprivation of some constitutional right. Mere citation of the Gideon decision and the bald statement that movant was deprived of counsel, as is the sum and substance of the premise upon which the instant motion to vacate the judgment is based, is purely and simply a conclusion of law and presents no fact sufficient to contradict the record of the trial reflecting that the movant did in fact waive the right to court-appointed counsel.
As this record stands before this court upon review, it is evident that Dykes states that he did not waive counsel, whereas the record states that he did waive counsel. Such a petition is not adequate to cause a reversal of the finding of the trial judge.
Affirmed.
STURGIS, C.J., concurs.
CARROLL, DONALD K., J., dissents.
CARROLL, DONALD K., Judge (dissenting).
I find myself unable to concur in the majority opinion for the reason that I feel that it fails to apply the fundamental principle recognized by nearly all state and federal courts that an accused cannot be held to have waived his constitutional right to counsel unless it is shown that he competently and intelligently waived that right.
As I read the record in this appeal, there is absolutely nothing therein to show that Dykes competently and intelligently waived his right to counsel. All that the record shows, and all that the trial court and this court can properly consider on this question, is the following statement in the record:
"Now on this day came in person the defendant Glenn Dykes into open court and upon inquiry by the Court to him as to whether he had counsel or desired counsel, the defendant announced that he was without counsel and did not desire the same. Having been furnished a copy of the information, the said defendant was duly arraigned and entered his plea of guilty * * *."
Without reciting the taking of any testimony, the record goes on to show that Dykes was then forthwith adjudged by the court to be guilty of all eleven counts of the information and sentenced on six of the counts to a total of twelve years imprisonment at hard labor in the State Prison. The remaining five counts were placed on the "Inactive Docket."
In my opinion, the above-quoted statement from the record is utterly insufficient as a matter of law and logic as a foundation for the conclusion, by the trial court or this court or anyone else, that Dykes competently and intelligently waived his fundamental *679 constitutional right to counsel, yet there is not another word in the entire record on which to found that conclusion.
The rule that the courts cannot hold that that right is waived unless the record shows that it has been competently and intelligently waived, is so firmly established in the law as to be beyond debate.
The Supreme Court of the United States in the leading case of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), recognized the rule that under the United States Constitution counsel must be provided for defendants unable to employ counsel "unless the right is competently and intelligently waived," citing therefor the Supreme Court's earlier decision in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), in which case the Supreme Court held:
"The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused  whose life or liberty is at stake  is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record."
In Johnson v. Zerbst, supra, the United States Supreme Court also recognized the rule that the courts indulge every reasonable presumption against the waiver of fundamental constitutional rights, and applied that rule to the question of the waiver of the right to counsel, saying:
"There is insistence here that petitioner waived this constitutional right. The District Court did not so find. It has been pointed out that `courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we `do not presume acquiescence in the loss of fundamental rights.' A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."
The above principle that the right to counsel can be waived only if the waiver is competently and intelligently waived, has been recognized in several recent decisions of the appellate courts in Florida. This court recognized that principle in Savage v. State, 156 So.2d 566 (1963), Mullins v. State, 157 So.2d 701 (1963), and Conley v. State, 160 So.2d 752. The District Court of Appeal, Second District of Florida, recognized the said principle in King v. State, 157 So.2d 440 (1963) and Keur v. State, 160 So.2d 546.
The burden resting on a prisoner who tries to set aside his judgment and sentence because he was denied his right of counsel, is heavy enough, for he faces the aforementioned presumption that the said judgment is regular; and, to overcome that presumption, he must allege and prove by a preponderance of the evidence that he was not represented by counsel, that he was financially unable to employ counsel, and that he did not competently and intelligently waive his right to counsel. See King v. State, 157 So.2d 440 (Fla.App. 1963). In carrying that burden, however, he is aided by the following two presumptions:
1. The presumption against the waiver of the fundamental constitutional right to counsel. See Johnson v. Zerbst, supra.
2. As the Second District Court of Appeal said in King v. State, 157 So.2d 440 (1963), "Prejudice is presumed to have resulted upon a plea of guilty without benefit *680 of counsel to the same extent as if the defendant had been tried without benefit of counsel."
In the present case the appellant, who was arraigned, found guilty of eleven counts of the information, sentenced to twelve years' imprisonment, and committed to the state prison, all on December 1, 1959, included the following allegations numbered 2 and 3 in his verified motion to vacate and set aside, quoted in his own words:
"2. That neither on the 1st day of December, 1959, nor at any time period to such date was the defendant represented by or advised by counsel, nor was he assisted by counsel; that the defendant was without funds with which to provide counsel himself to assist him in such cause.
"3. That the assistance of counsel would have materially aided the defendat in this cause; that the defendant never waived an offer of counsel, nor was such offer ever made."
Even if these allegations in the appellant's motion were not technically sufficient (and I think they are), I would apply the liberal rule recognized recently by both of our sister district courts of appeal (the Second District Court of Appeal in Ashley v. State, 158 So.2d 530, 531 (1963) and the Third District Court of Appeal in Andrews v. State, 160 So.2d 726), as follows:
"In processing a motion under Criminal Procedure Rule No. 1, it must always be borne in mind that such motions filed by a prisoner pro se should not be scrutinized for technical niceties, since a prisoner is almost always unskilled in the law and cannot be held to a high standard of pleading. * * * Thus, as a matter of pleading, such motions should be treated with the same liberality as that historically granted by courts in entertaining applications for habeas corpus."
These allegations in his sworn motion, are, in my opinion, at the very least sufficient to allege a deprivation of his right to counsel, especially in connection with the presumption against waiver and the presumption of prejudice, to entitle him to an opportunity to present evidence in support of his allegations. Nevertheless, the court not only denied the appellant's motion but also did so at a hearing attended by the appellant's adversary, the prosecuting attorney, but evidently without even notice to the appellant, as revealed in the order appealed from, which I quote below in its entirety:
"This cause having come on to be heard upon Motion of above defendant to vacate and set aside the adjudication of guilt and sentence, and the Court having caused Notice of Hearing to be served upon the Prosecuting Attorney and said Attorney being present, and the Court being of the opinion that the merits of the Motion and the grounds upon which Motion is filed do not warrant the production of the prisoner at the hearing in order to entertain and determine such Motion, and the Court having considered the matter and being advised in the premises finds from the Record in this cause that defendant waived his right, if any to appointment of counsel in his behalf and voluntarily plead guilty to the offense(s) for which he was adjudged guilty and sentenced, and defendant is not entitled to the relief requested, it is, THEREFORE,
"ORDERED AND ADJUDGED that defendant's Motion to vacate and set aside the adjudication of guilt and sentence herein be and the same is hereby denied.
"DONE AND ORDERED at Pensacola, Florida, in open Court this 19th day of April, 1963."
In other words, the court ruled upon the "merits" of the appellant's motion without giving him an opportunity to present evidence *681 on the merits of his motion; and the court found "from the Record" that he waived his right to counsel, yet the same record is presumably before this court, and the only part of the record concerning such waiver is that which I quoted earlier in this dissenting opinion.
The only conclusion I can draw from the above is that the appellant has never had his "day in court" on his claim that he was deprived of his constitutional right to the assistance of counsel. I would, therefore, reverse the order appealed from, and remand the cause, as we did in Mullins v. State, 157 So.2d 701 (1963) and Crosby v. State, 157 So.2d 867 (1963), with directions for further proceedings, "including a full opportunity to the defendant or a court-appointed counsel to present evidence in support of the allegations of the motion, particularly with reference to the critical issue of competent and intelligent waiver." In no other way, I feel, can this appellant's constitutional right be preserved to him.
NOTES
[1] Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).
[2] King v. State, 157 So.2d 440 (Fla.App. 2d, 1963).
[3] U.S. v. Mathison, 159 F. Supp. 811 (D.C. Wis. 1958), affirmed 256 F.2d 803, certiorari denied, 358 U.S. 857, 79 S.Ct. 77, 3 L.Ed.2d 91; Bistram v. U.S., 180 F. Supp. 501 (D.C.N.D. 1960), affirmed 283 F.2d 1, certiorari denied 366 U.S. 921, 81 S.Ct. 1096, 6 L.Ed.2d 243.
[4] Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).
[5] Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1962).
[6] It might be noted that the designation of this rule is a misnomer in that the proceeding is civil in nature rather than criminal and is likened to a combination of the common law writ of habeas corpus and a motion for writ of error coram nobis.