163 So.2d 771 (1964)
Ellis DIXON, Appellant,
v.
STATE of Florida, Appellee.
No. 4354.
District Court of Appeal of Florida. Second District.
May 6, 1964.
*772 Walter R. Talley, Public Defender, Bradenton, for appellant.
James W. Kynes, Atty. Gen., Tallahassee; Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
ALLEN, Acting Chief Judge.
Appellant Dixon, having attempted by motion under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, to have a sentence imposed upon conviction of aggravated assault vacated and set aside, here appeals an order denying that motion for relief. Dixon's motion alleged, in essence, that at no time from the date of his arrest to the day of sentencing was he represented by counsel or financially able to secure the services of counsel.
The lower court, "having reviewed the record," denied the motion upon finding that appellant had waived all of his constitutional rights, including the right to counsel. Upon examination of the record of the original proceedings we conclude that it does not, for reasons enunciated in King v. State, Fla.App. 1963, 157 So.2d 440, (filed some months after entry of the order here appealed) substantiate the lower court's finding. Necessarily, disposition on the basis of that finding was erroneous. Cf. *773 Crosby v. State, Fla.App. 1963, 157 So.2d 867.
Because of the erroneous reason underlying the appealed order, it would ordinarily be necessary that this case be returned to the lower court for further proceedings. However, the State argues that when, as in this case, the appealed order may be sustained notwithstanding it having been bottomed on an erroneous theory, the order should be affirmed. See Savage v. State, Fla.App. 1963, 156 So.2d 566. The basis upon which the State urges that the order can  and must  be sustained, is the insufficiency of the motion to state a prima facie case for relief.
It is well established that unless and until the allegations of a motion under Rule No. 1 state a prima facie case for relief, the trial court need not submit the motion to the initial test of verity by reference to the files and records in the cause, nor, of course, afford the movant a hearing on his claim. Savage v. State, supra; Sampson v. State, Fla.App. 1963, 158 So.2d 771; Dykes v. State, Fla.App. 1964, 162 So.2d 675. Cf. State v. Weeks, Fla. 1964, 166 So.2d 892, opinion filed March 4, 1964. Accord, Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Of course, the trial court should, in determining the sufficiency of a pro se motion, extend broad latitude in compliance with form and detail. Roy v. Wainwright, Fla. 1963, 151 So.2d 825; Ashley v. State, Fla.App. 1963, 158 So.2d 530; Andrews v. State, Fla.App. 1964, 160 So.2d 726. See Dykes v. State, supra, (dissenting opinion). Additionally, the trial court may, in its discretion, "adopt any appropriate means for inquiry * * * in order to ascertain all possible grounds upon which the prisoner might claim * * relief." Sanders v. United States, 373 U.S. at 22, 83 S.Ct. at 1081 (1963), cited approvingly in State v. Weeks, supra; Webster v. State, Fla.App. 1963, 156 So.2d 890 and Sampson v. State, supra.
In the instant case, Dixon based his claim for relief on a theory of denial of the right to counsel. Accordingly, he was required to allege, and if his allegations were controverted by the record or by the State, to prove certain essential elements of his claim. King v. State, Fla.App. 1963, 157 So.2d 440. His motion contained appropriate allegations as to indigency and the lack of counsel. It did not, however, contain allegations of fact which expressly or implicitly negate waiver of the right to counsel. Such allegations are essential to a claim of denial of the right. King v. State, supra; Sampson v. State, supra. Cf. Wilson v. State, Fla.App. 1964, 164 So.2d 43.
In the King case, Chief Judge Smith, for the court, wrote:
"* * * In a right-to-counsel case, the burden rests upon the defendant in his collateral attack upon the judgment to rebut this presumption by first alleging and then proving by a preponderance of the evidence (1) that he was not represented by counsel; (2) that he was financially unable to employ counsel; and (3) that he did not competently and intelligently waive his right to counsel. In regard to this latter point, upon a motion so alleging, if the record shows that the court neither advised defendant of his constitutional right to counsel nor offered to appoint counsel, and the return of the prosecuting attorney of the court makes no allegations of fact to the effect that the defendant was aware of his constitutional right to counsel and was offered counsel, there is no need to determine the question of competent and intelligent waiver * * *." (157 So.2d at 444)
The three elements of a claim enumerated in the foregoing are, obviously, matters of ultimate fact, conclusions of fact which follow from allegation (or proof) of certain evidentiary facts. As obviously, the first such fact, "that he was not represented by counsel," is both an ultimate and evidentiary fact. Accordingly, *774 it suffices to allege this element without additional supporting allegations of fact. The second ultimate fact, "that he was financially unable to employ counsel," is conclusory and, though an allegation of this conclusion of fact will  under a liberal construction  suffice, it should be accompanied by allegations tracing the language of Fla. Stat. § 924.17, F.S.A., containing the prescribed oath of insolvency. See Keur v. State, Fla.App. 1963, 160 So.2d 546. The third enumerated ultimate fact, "that he did not competently and intelligently waive [the] * * * right to counsel," is obviously a conclusion of fact and law and, though a naked allegation may  under a liberal treatment of pro se motions  be deemed sufficient, it should be accompanied by allegations of fact substantiating the conclusion. Necessarily, allegations of evidentiary fact which give rise to the conclusions enumerated in the King case suffice without allegation of the conclusions themselves. It should be emphasized too, that allegation of the conclusory facts alone, though not strictly sufficient, may, under the applicable rule of latitude and in the exercise of the discretion discussed earlier, prompt the trial court to further inquiry and, at a minimum, to permit amendment to the motion. See Keur v. State, supra; Wilson v. State, supra.
Directing attention to the specific alleged insufficiency in appellant Dixon's motion, a failure to negate waiver of the right to counsel, we find neither allegation of conclusion or of fact negating waiver. The motion does not contain allegations that appellant was neither advised of his right to counsel nor offered counsel. Accordingly, the motion does not raise the presumption against intelligent waiver indulged under those circumstances. King v. State, supra. Cf. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. The motion contains no other allegations of fact which might be deemed to have expressly precluded "intelligent and understanding waiver." See Mullins v. State, Fla.App. 1963, 157 So.2d 701. Cf. Gideon v. Wain-wright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The motion contains no allegations of fact, nor even conclusory allegations, that imply negation of waiver. See Sampson v. State, supra. In fine, upon the most liberal reading of the motion it fails to demonstrate that appellant's case "was one in which the assistance of counsel, unless intelligently and understandingly waived by him, was a right guaranteed him by the Fourteenth Amendment." Carnley v. Cochran, 369 U.S. at 512, 82 S.Ct. at 888 (1962).
Conceding that failure to state a prima facie case would have justified a summary denial of the motion without reference to the "files and records," and conceding that this court would have affirmed such a denial, the question remains as to whether the present posture of the cause still impels an affirmance.
As indicated above, a movant's failure to allege that the right to counsel was not waived does not preclude the trial court, in the exercise of its discretion, consulting the "files and records" to ascertain if waiver occurred. Neither does it preclude a hearing if the "files and records" are inconclusive. See Wilson v. State, supra. Should the court, in its discretion, not choose to proceed beyond the determination that the motion is insufficient, this determination must be affirmed. However, when, as in the instant case, the lower court goes beyond consideration of the allegations of the motion in denying it, this may, in appropriate circumstances, remedy the initial insufficiency of the motion and preclude a disposition which would otherwise have been proper.
The Wilson case, cited earlier, is an example of operation of the foregoing principle. In that case, the motion was insufficient. Nevertheless, the court held hearings on the claim and thereby permitted proof of that element of the claim omitted in the allegations. Disposition of the motion, both in the lower court and on appeal, was thus made upon a record which *775 obviated denial based on the initial insufficiency of the motion.
In Savage v. State, supra, the motion for relief was similarly insufficient. Nonetheless, the lower court apparently went beyond consideration of the motion alone in effecting its disposition. However, as distinct from the circumstances in Wilson v. State, the consideration of the record of Savage's conviction apparently did not disclose facts which, when considered with the allegations of the motion, would have constituted a claim for relief. Accordingly, the order denying relief was affirmed notwithstanding the erroneous theory upon which it was based.
In the case sub judice, appellant's motion could have been summarily denied for failure to negate waiver of the right to counsel. The lower court did not, however, summarily deny the motion; rather, it made further inquiry, consulting the files and records of the original proceeding. These were silent as to appellant ever having been advised of the right to counsel or having been offered counsel but affirmatively revealed the absence of counsel at the entry of his plea of guilty and at sentencing. Under those circumstances, a continued presumption which includes a presumption of waiver cannot be indulged. Cf. Carnley v. Cochran, supra. The record sufficed to remedy the initial insufficiency of the motion to state a prima facie claim.
Recapitulating, a motion to vacate under Criminal Procedure Rule No. 1 must contain allegations of fact which, if true, would entitle the movant to relief. When a motion does not contain sufficient allegations to state a prima facie case it may be summarily denied without reference to the files and records and without a hearing. A denial based on insufficient pleading is, of course, no bar to a subsequent motion. In making the initial determination of sufficiency, the trial courts should extend broad latitude in compliance with form and detail. Even when a motion is deemed insufficient the court may, in the interest of justice and in order to forestall repeated motions, adopt appropriate means of inquiry, including directing amendment or examining the record, to ascertain the possibility of a valid claim. When such further inquiry is made and when it reveals factors which, in conjunction with the original motion, constitute a basis for relief, the court can no longer rely on the initial defect in the motion as a predicate for denying it, but must proceed under the Rule to determine the facts and dispose of the motion accordingly.
The allegations of the appellant's motion, considered with the record, revealed a potentially valid claim for relief and it became incumbent upon the court to call upon the State to answer and then, if necessary, resolve any issues made. The order is reversed and the cause remanded for further proceedings in accordance with the directions given in King v. State, supra.
Reversed and remanded.
SHANNON and WHITE, JJ., concur.