WIGGINTON, Judge.
Appeal is taken from an order entered by the Criminal Court of Record of Duval County denying appellant’s motion filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, to vacate and set aside a judgment of conviction and sentence rendered against him.
Appellant was charged on May 2, 1962, with the offense of robbery. Upon arraignment he plead guilty as charged. He was. adjudged guilty and sentenced to serve a twenty-year term of imprisonment in the state prison. The official records of this, proceeding are silent with respect to whether appellant was offered the assistance of counsel to represent him, or whether appellant was actually represented by an attorney at any time during the proceeding.
On September 9, 1963, appellant filed a motion for relief pursuant to Criminal Procedure Rule 1 alleging in substance that at all times during the proceedings in the trial court, he was indigent and unable to-employ counsel to assist him; that at no-time was he offered the assistance of counsel, and at no time did he refuse or waive such assistance; that due to his ignorance of the law he was unable to adequately defend himself and felt that he had no-alternative but to enter a plea of guilty to the offense with which he was charged. The county solicitor answered appellant’s, motion by alleging in substance that the court records were not sufficiently complete to enable him to answer the allegations of appellant’s motion, and moved the court for an order requiring appellant to be-brought before the court for a trial on the issues raised by his motion. Such an order was entered and the prisoner was. produced, placed on the witness stand, and interrogated with regard to the matters, and things alleged in his motion for relief.. In addition to testifying to the facts detailed above, he testified that at no time during the proceedings leading up to the judgment of conviction and sentence was he-represented by or had the advice of counsel. He testified that he had only an eighth-grade education, was unfamiliar with the-law and legal procedure and could not state why he plead guilty to the charge of robbery at the time of his arraignment. He-did testify that he was told by officers that he had nothing to lose by pleading guilty, but he did not realize that in doing so he would be imprisoned for a period of twenty years. He admitted that he did not advise-the court that he wanted an attorney to- *862 assist him and stated that by the same token the judge did not ask whether he had conferred with an attorney or fully understood the significance of his plea of guilty to the charge against him.
At the conclusion of the hearing the court entered the order appealed in which he found that at the time appellant was arraigned he did not make any request of the court for an attorney to represent him; that he did not advise the court that he was insolvent; that defendant clearly understood the charges against him and waived his right to an attorney; that none of defendant’s constitutional rights were denied him. It was upon the foregoing findings that the court denied appellant’s motion to vacate and set aside the judgment of conviction and sentence.
It is appellant’s position that the court erred in denying his motion for relief in view of the uncontradicted evidence in the record which affirmatively demonstrates that at the time of his arraignment and plea of guilty, he was indigent, was not represented by counsel, and did not waive his right to appointment of counsel to assist him in his defense..
In the Gideon case[1] the Supreme Court of the United States established the basic law to be that under the Sixth Amendment to the Constitution of the United States every indigent person charged with a felony is entitled to the appointment of counsel to represent him, and the deprivation of such right amounts to a denial of due process of law and renders any judgment of conviction resulting therefrom void and of no effect.
In the King case,[2] the Second District Court of Appeal held that to entitle one to relief under Criminal Procedure Rule 1, a convicted felon must allege and prove (1) that he was not represented by counsel;. (2) that he was financially unable to employ counsel; and (3) that he did not competently and intelligently waive his right to counsel. The King case further holds in regard to the latter point that if the record shows that the court neither advised defendant of his constitutional right to counsel nor offered to appoint counsel, and the return of the prosecuting attorney of the court makes no allegation of fact to the effect that the defendant was aware of his constitutional right to counsel and was offered counsel, there is no need to determine the question of competent and intelligent waiver, for a waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. Appellant insists, and we agree, that the allegations of his motion, the court record of the proceedings involving his conviction and sentence, and the testimony offered at the hearing before the court on his motion for relief, bring this case squarely within the rules of law announced in the Gideon and King cases, supra, and require the entry of an order setting aside the judgment of conviction rendered in this case.
In defense of the trial court’s order the State urges the single proposition that there has been a failure on the part of appellant to support by any evidence his allegation that he plead guilty solely because he was not represented by counsel. It appears to be the State’s position that a convicted felon is not entitled to relief pursuant to Criminal Procedure Rule No. 1 unless he establishes by a preponderance of the evidence that his plea of guilty resulted solely from the fact that he was not represented by cotinsel at his arraignment or trial. The State submits that the foregoing proposition of law is supported by the broad implications of the decision rendered by this Court in the case of Dykes v. State.[3] We do not so construe the Dykes *863 opinion, nor are we familiar with any decisions which support the position taken by the State on this appeal.
The order appealed is accordingly reversed and the cause remanded for further proceedings consistent with the views set forth herein.
STURGIS, C. J., and RAWLS, J., concur.

. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

. King v. State of Florida, (Fla.App.1963) 157 So.2d 440.

. Dykes v. State of Florida, (Fla.App.1964), 162 So.2d 675.