PER CURIAM.
The appellant, Harvey H. Flemming, appeals from a denial of his motion for post conviction relief filed under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The question presented is whether the defendant intelligently waived his right to counsel.
The record states that: “ * * * he being asked if he fully understood the charge and was asked if he desired to consult an attorney before entering a plea and the defendant stated that he did not desire counsel and that he was guilty of the charge * * On the basis of this statement the trial court denied the motion without a hearing.
This point was recently discussed in this court in Dixon v. State, decided on May 6, 1964, and is reported in 163 So.2d 771. We are aware of Dykes v. State, Fla.App. 1964, 162 So.2d 675; Hale v. State, Fla.App.1964, 162 So.2d S; and Mankus v. State, Fla.App.1964, 161 So.2d 547.
This question has been much discussed In .this court and we are of the opinion that it requires a plenary hearing. See Phillips v. State, 164 So.2d 858, decided by this court on May 29,1964.
Reversed.
SMITH, C. J., and SHANNON and ANDREWS, JJ., concur.